The STATE of Ohio, Appellee,

v.

ANDRICKS, Appellant.

[Cite as *State v. Andricks* (1996), 111 Ohio App.3d 93.]

Court of Appeals of Ohio,
Third District, Henry County.

No. 7–95–13.

Decided May 15, 1996.

*Clemens, Korhn & Liming, Richard L. Altman* and *John M. Liming,* for appellant.

*John H. Hanna,* Henry County Prosecuting Attorney, for appellee.

SHAW, Judge.

This is an appeal by the defendant, Grover C. Andricks, from a judgment entered by the Common Pleas Court of Henry County on a jury verdict of guilty to a charge of aggravated burglary, in violation of R.C. 2911.11. The trial court

found appellant guilty of a prior offense specification and sentenced him to not less than fifteen years of actual incarceration or more than twenty-five years.

On July 25 and 26, 1995, a jury trial was held to determine the guilt or innocence of the appellant in connection with a burglary that took place in June of that year. At the close of all the evidence, the jury began deliberations and approximately two hours later sent a note to the trial court reporting that they were divided and were unable to resolve their differences. The trial judge returned the note with the instruction to continue deliberations. Again, two hours later, the jury sent another message to the trial judge stating that they were still divided and unable to resolve their differences. At this point, the trial judge brought the jury back into court and without objection from appellant's trial counsel gave the jury a *Howard* charge. Eleven minutes later, the jury returned with a guilty verdict, and appellant was subsequently sentenced.

In his sole assignment of error, appellant appeals the form of the *Howard* charge as given at trial, claiming the deviation from the authorized language in *Howard* constituted plain error.

██ It is well known that to preserve an error for review, an objection to the error must be raised in the trial court. *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364. An error not raised in the trial court must constitute plain error on review in order to obtain reversal. Crim.R. 52(B); *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804. "Notice of plain error under Crim.R. 52(B) is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

█ In *State v. Howard* (1989), 42 Ohio St.3d 18, 537 N.E.2d 188, paragraph two of the syllabus, the Supreme Court of Ohio set out the appropriate supplemental instruction to be given to juries in Ohio deadlocked on the question of conviction or acquittal:

" 'The principal mode, provided by our Constitution and laws, for deciding questions of fact in criminal cases, is by jury verdict. In a large proportion of cases, absolute certainty cannot be attained or expected. Although the verdict must reflect the verdict of each individual juror and not mere acquiescence in the conclusion of your fellows, each question submitted to you should be examined with proper regard and deference to the opinions of others. You should consider it desirable that the case be decided. You are selected in the same manner, and from the same source, as any future jury would be. There is no reason to believe the case will ever be submitted to a jury more capable, impartial, or intelligent than this one. Likewise, there is no reason to believe that more or clearer evidence will be produced by either side. It is your duty to decide the case, if

you can conscientiously do so. You should listen to one another's arguments with a disposition to be persuaded. Do not hesitate to reexamine your views and change your position if you are convinced it is erroneous. If there is disagreement, all jurors should reexamine their positions, given that a unanimous verdict has not been reached. Jurors for acquittal should consider whether their doubt is reasonable, considering that it is not shared by others, equally honest, who have heard the same evidence, with the same desire to arrive at the truth, and under the same oath. Likewise, jurors for conviction should ask themselves whether they might not reasonably doubt the correctness of a judgment not concurred in by all other jurors.' "

In the case *sub judice*, the trial judge, finding the jury at an impasse, gave a modified version of the *Howard* charge, stating:

"Ladies and gentlemen, I know that the deliberations are a new and difficult assignment for you. The process of deliberations and making a decision is necessary and requires consideration and patience.

"The verdict must reflect the verdicts of each individual juror and not that which is the conclusion of other jurors.

"It is desirable that this case be decided. You were selected in the same manner and from the same source as any future jury would be. There is no reason to believe that this case will ever be decided by a more capable, impartial or intelligent than this one. Likewise, there is no reason to believe that more or clearer evidence will be provided by other sources.

"It's your duty to decide this case. If you consciously do so you should listen to one another's opinions with the disposition towards being persuaded to not hesitate to re-examine and change your position if you are convinced it is erroneous. If there was disagreement all jurors should re-examine their positions as that unanimous verdict has not been reached. Jurors for acquittal should consider whether their consideration that is not shared by others equally honest who have heard the same evidence and with the same desire to tell the truth and under the same oath.

"Likewise, jurors for conviction should ask themselves whether they might not reasonably doubt the correctness of a judgment not agreed upon by all other jurors. In light of that further instructions of law, I want you to return to your deliberations."

The primary purpose of the new charge in *Howard* was to alleviate the potential coercive effect of the former *Allen* language:

"The *Allen* [*v. United States* (1896), 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528] charge has long been the subject of criticism from legal scholars. The brunt of this criticism is directed at the potentially coercive impact the language of the

*Allen* charge can have on a jury. The criticism centers on the effect of language advising the jury that a decision must be reached, thereby depriving either the state or the defendant of the possibility of a hung jury and a mistrial." (Footnote omitted.) *Howard,* 42 Ohio St.3d at 22, 537 N.E.2d at 191.

Accordingly, in *Howard* the Ohio Supreme Court replaced the traditional *Allen* charge with a specific charge of its own, which the court expressly approved and set forth in the second paragraph of its syllabus. It would not seem unreasonable under such circumstances for a trial court to read the syllabus verbatim when the need arises. Unfortunately, the trial court in this instance did not choose to do so, resulting in an instruction that is in key parts confusing and potentially at odds with the purposes of the *Howard* decision. We believe a comparison of several such passages illustrates the point. For example:

(1) The *Howard* charge begins with the following language:

" 'The principal mode, provided by our Constitution and laws, for deciding questions of fact in criminal cases, is by jury verdict. In a large proportion of cases, absolute certainty cannot be attained or expected.' "

The instruction in the case before us does not include this language and begins instead by stating:

"Ladies and gentlemen, I know that deliberations are a new and difficult assignment for you. *The process of deliberations and making a decision is necessary* and requires consideration and patience." (Emphasis added.)

(2) On the deliberative process and interaction among the jurors, the *Howard* charge states:

" 'Although the verdict must reflect the verdict of each individual juror and not mere acquiescence in the conclusion of your fellows, each question submitted to you should be examined with proper regard and deference to the opinions of others.' "

On this important matter, the charge in the case before us does not contain the foregoing language but states instead only the following, which almost seems to be a directive *not* to consider the views of other jurors:

"The verdict must reflect the verdicts of each individual juror and not that which is the conclusion of other jurors."

(3) On what is perhaps the most critical issue of the *Howard* decision, the *Howard* charge states:

" 'It is your duty to decide the case, if you can conscientiously do so. You should listen to one another's arguments with a disposition to be persuaded. Do not hesitate to reexamine your views and change your position if you are

convinced it is erroneous. If there is disagreement, all jurors should reexamine their positions, given that a unanimous verdict has not been reached.' " ·

. Once again, the charge in the instant case does not accurately restate the foregoing language but almost seems to convey an opposite directive:

*"It's your duty to decide this case.* If you consciously do so you should listen to one another's opinions with the disposition toward being persuaded to not hesitate to re-examine and change your position if you are convinced it is erroneous. If there was disagreement *all jurors should re-examine their positions as that unanimous verdict has not been reached."* (Emphasis added.)

(4) Finally, the instruction to those jurors who are for acquittal is simply confusing to the point of not making any sense. *Howard* states:

" 'Jurors for acquittal should consider whether their doubt is reasonable, considering that it is not shared by others, equally honest, who have heard the same evidence, with the same desire to arrive at the truth, and under the same oath.' "

Compare the language of the instant charge on the same point:

"Jurors for acquittal should consider whether their consideration that is not shared by others equally honest who have heard the same evidence and with the same desire to tell the truth and under the same oath."

For the foregoing reasons it is our conclusion that the cumulative effect of the foregoing errors in the instructions given in this case could not help but confuse and mislead the jury, specifically on the issue of their duty to reach a decision. Because this issue constitutes the primary focus of the *Howard* decision and because there would seem to be no good reason for a trial court to deviate from the verbatim syllabus language provided therein, we believe that these discrepancies rise to the level of plain error.

Accordingly, appellant's single assignment of error is sustained, the judgment and sentence of the trial court is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

EVANS and THOMAS F. BRYANT, JJ., concur.