OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following a jury trial, found appellant, David G. Parker, guilty of robbery and sentenced him to a term of five years. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following three assignments of error:
"ASSIGNMENTS OF ERROR
 "I. THE TRIAL COURT'S DEVIATION FROM AUTHORIZED HOWARD
LANGUAGE FOR A DEADLOCKED JURY CONSTITUTED PLAIN ERROR
 "II. THE JURY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
 "III. DEFENDANT'S DENIAL OF A PRELIMINARY HEARING VIOLATED HIS CONSTITUTIONAL RIGHTS"
The following facts are relevant to this appeal. Appellant was indicted on September 24, 1998 on one count of robbery. Appellant's trial began on December 14, 1998. The victim, two police officers, a police detective and a witness, the manager of the gas station where the robbery occurred, testified. At the close of the state's case and at the conclusion of all the evidence, appellant moved for acquittal pursuant to Crim.R. 29. The motions were denied.
During jury deliberations, the jury sent the court a note that they were a "deadlocked jury." The trial court, with appellant, his attorney and the attorney for the state present, read additional instructions to the jury. Appellant's trial counsel did not object to the instruction given.[1] After additional deliberations, the jury returned a verdict and found appellant guilty on the robbery charge. Appellant was sentenced to a term of five years. Appellant timely filed his notice of appeal.
In his first assignment of error, appellant argues that the trial court erred in its instruction to the jury when the jury reported it was deadlocked. This court finds no merit in this assignment of error.
In State v. Howard (1989), 42 Ohio St.3d 18, paragraph two of the syllabus, the Ohio Supreme Court held:
 "In place of the traditional Allen charge, we approve the following supplemental instruction: `The principal mode, provided by our Constitution and laws, for deciding questions of fact in criminal cases, is by jury verdict. In a large proportion of cases, absolute certainty cannot be attained or expected. Although the verdict must reflect the verdict of each individual juror and not mere acquiescence in the conclusion of your fellows, each question submitted to you should be examined with proper regard and deference to the opinions of others. You should consider it desirable that the case be decided. You are selected in the same manner, and from the same source, as any future jury would be. There is no reason to believe the case will ever be submitted to a jury more capable, impartial, or intelligent than this one. Likewise, there is no reason to believe that more or clearer evidence will be produced by either side. It is your duty to decide the case, if you can conscientiously do so. You should listen to one another's arguments with a disposition to be persuaded. Do not hesitate to reexamine your views and change your position if you are convinced it is erroneous. If there is disagreement, all jurors should reexamine their positions, given that a unanimous verdict has not been reached. Jurors for acquittal should consider whether their doubt is reasonable, considering that it is not shared by others, equally honest, who have heard the same evidence, with the same desire to arrive at the truth, and under the same oath. Likewise, jurors for conviction should ask themselves whether they might not reasonably doubt the correctness of a judgment not concurred in by all other jurors.'"
Appellant bases his argument in this assignment of error on Statev. Andricks (1996), 111 Ohio App.3d 93.
In State v. Andricks (1996), 111 Ohio App.3d 93, 96-97, the appellate court discussed four passages in which the trial court deviated from the Howard instruction. In Andricks, the trial court had omitted the first and second sentences of the instruction as set forth in Howard. Id. at 96. The appellate court in Andricks also noted that on the deliberative process and interaction among the jurors, the Howard charge states:
 "Although the verdict must reflect the verdict of each individual juror and not mere acquiescence in the conclusion of your fellows, each question submitted to you should be examined with proper regard and deference to the opinions of others." Id.
However, the instruction given by the trial court in Andricks did not contain the foregoing language but stated only the following:
 "The verdict must reflect the verdicts of each individual juror and not that which is the conclusion of other jurors."
The appellate court in Andricks concluded that the above passage "almost seem[ed] to be a directive not to consider the views of other jurors." Id. (Emphasis in original.)
The appellate court in Andricks labeled the third passage discussed as "perhaps the most critical issue of theHoward decision." Id. The following was quoted by the appellate court in Andricks from the Howard instruction:
 "It is your duty to decide the case, if you can conscientiously do so. You should listen to one another's arguments with a disposition to be persuaded. Do not hesitate to reexamine your views and change your position if you are convinced it is erroneous. If there is disagreement, all jurors should reexamine their positions, given that a unanimous verdict has not been reached." Id. at 96-97.
The appellate court in Andricks concluded that the instruction given by the trial court did "not accurately restate the foregoing language but almost seems to convey an opposite directive * * *."Id. at 97. The trial court in Andricks gave the following instruction:
 "It's your duty to decide this case. If you consciously do so you should listen to one another's opinions with the disposition toward being persuaded to not hesitate to re-examine and change your position if you are convinced it is erroneous. If there was disagreement all jurors should re-examine their positions as that unanimous verdict has not been reached." (Emphasis in original.) Id.
The appellate court in Andricks found the fourth passage deviation from the Howard instruction, directed to those jurors who were for acquittal, to be "simply confusing to the point of not making any sense." Id. The Howard language stated:
 "Jurors for acquittal should consider whether their doubt is reasonable, considering that it is not shared by others, equally honest, who have heard the same evidence, with the same desire to arrive at the truth, and under the same oath."
The following was the instruction given by the trial court inAndricks:
 "Jurors for acquittal should consider whether their consideration that is not shared by others equally honest who have heard the same evidence and with the same desire to tell the truth and under the same oath." Id.
The appellate court in Andricks found that the cumulative effect of the foregoing errors in the instructions "could not help but confuse and mislead the jury, specifically on the issue of their duty to reach a decision." Id.
In the case sub judice, the trial court omitted the following phrase, the first sentence from the Howard instruction, from the instruction it gave:
 "The principal mode, provided by our Constitution and laws, for deciding questions of fact in criminal cases, is by jury verdict."
Instead of the above, the trial court stated the following:
 "This is a new and difficult assignment for you. The process of discussion and deliberation in a jury room is necessarily slow and requires consideration and patience. The secrecy which surrounds your efforts prevents others, including the Court, from knowing when your efforts would or will result in a verdict."
The trial court then gave the Howard instruction verbatim except for the following minute deviation: instead of stating "You should consider it desirable that the case be decided" the trial court stated "It is desirable that the case be decided."
In contrast to the deviations in Andricks, this court finds that the deviations from the Howard instruction in the casesub judice are slight and the minimal variation in language does not constitute reversible error. See, State v. Dickens, (May 8, 1998), Hamilton App. No. C-960365, unreported.
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that the jury's verdict was against the manifest weight of the evidence. This court finds no merit in this assignment of error.
In State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, the Supreme Court of Ohio stated:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
In State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus, the Ohio Supreme Court stated that "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." The court also noted:
 "* * * In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. (Citation omitted.)" Id.
at 386.
In contrast to sufficiency, the court stated the following in regard to weight of the evidence:
 "* * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence
sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Citation omitted.) (Emphasis [sic]) Id. at 387.
The Ohio Supreme Court also noted that when an appellate court reverses a verdict as against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id.
The Court then cited State v. Martin (1983), 20 Ohio App.3d 172,175, and quoted the following:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." 78 Ohio St.3d at 387.
In her concurrence, Justice Cook noted the following in regard to appellate review of a question involving manifest weight:
 "In contrast, in deciding whether a conviction is against the manifest weight of the evidence, an appellate court determines whether the state has appropriately carried its burden of persuasion. A court reviewing questions of weight is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. The only special deference given in a manifest-weight review attaches to the conclusion reached by the trier of fact. * * *" Id. at 390.
Appellant argues that the victim's testimony at trial regarding identifying aspects of the individual she claims stole her purse was conflicting. For example, appellant cites discrepancies in the victim's initial report to the police in height and weight and appellant's actual height and weight. However, when the victim viewed a videotape taken by a surveillance camera at the gas station were she was robbed, she instantly identified appellant as the person who stole her purse. The videotape showed everyone who entered the store at the gas station. The victim viewed the videotape the same day that she was robbed. The jury also saw the videotape. The manager of the gas station on duty at the time of the robbery testified about starting the videotape that morning and giving the videotape to the police the morning of the robbery; the manager also testified that the videotape records all customers coming into the store. He also testified that he saw the same man who had been in the store to purchase a package of cigarettes struggling with a woman at the gas pump and taking her purse. Additionally, two days after the robbery, the victim identified appellant from a picture composite containing six pictures.
After reviewing the record, we conclude that any rational trier of fact could have found that the essential elements of robbery were proven beyond a reasonable doubt. Furthermore, after thoroughly reviewing the entire record, weighing the evidence and all reasonable inferences, this court cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice.
Accordingly, appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant argues that his constitutional rights were violated when he did not have a preliminary hearing. This court finds no merit in this assignment of error.
As noted by the Ohio Supreme Court in State v. Pugh
(1978), 53 Ohio St.2d 153, 157:
 "Once an indictment has been returned, a plea to such indictment waives any right the accused has to a preliminary hearing." (Citation omitted.) (Emphasis [sic]).
Appellant was indicted and pled to that indictment. Thus, none of appellant's constitutional rights were violated when he did not have a preliminary hearing.
Accordingly, appellant's third assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J., Melvin L. Resnick, J.,James R. Sherck, J., concur.
[1] Although this court agrees with the cases cited by appellant regarding the plain error doctrine, because this court concludes that the trial court did not err in its instruction to the jury, this is not an instance when the plain error doctrine is applicable.