[Cite as *State v. Clark*, 2016-Ohio-2705.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 15CA12 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| DALLAS P. CLARK, | : | |
| | : | |
| Defendant-Appellant. | : | Released: 04/21/16 |

_____
APPEARANCES:

Dallas P. Clark, London, Ohio, Pro Se Appellant.

Anneka Collins, Highland County Prosecuting Attorney, and James Roeder, Assistant Prosecuting Attorney, Hillsboro, Ohio, for Appellee.
_____

McFarland, J.

{¶1} Dallas P. Clark appeals the Highland County Common Pleas Court's denial of his petition for postconviction relief. On appeal, Appellant contends that 1) the trial court abused its discretion in finding that his trial counsel did not violate Prof. Cond. Rule 1.12(a) and thereby deprive him of the effective assistance of counsel; 2) the trial court abused its discretion when it misapplied the law of R.C. 2925.041; 3) the trial court abused its discretion when it agreed with him regarding his entitlement to discharge after the State violated R.C. 2945.73, yet still refused to order a hearing; and

4) the trial court abused its discretion when it held that his trial counsel did not concede guilt despite transcript testimony to the contrary. Because we find that Appellant failed to set forth sufficient operative facts in his petition for postconviction relief to support his ineffective assistance of counsel claims, we affirm the judgment of the trial court.

FACTS

{¶2} We set forth the facts as determined as part of our consideration of Appellant's prior direct appeal. On September 9, 2014, Appellant Dallas P. Clark was indicted on one count of illegal assembly or possession of chemicals for the manufacture of drugs, a violation of R.C. 2925.041(A), a felony of the third degree. The indictment arose from activities which occurred on or about August 13, 2014 when officers executed a search warrant at 6172 Holaday Road in Highland County, Ohio, and found various items used in the production of methamphetamine. Kevin Colville lived at the address. Appellant and Amanda Campanero, with whom he was romantically involved, also stayed there on occasion. Appellant, Colville, and Campanero were charged and arrested.

{¶3} Appellant was tried on the sole count on November 13, 2014. The State presented testimony from the following individuals: Kelsey Degan, a forensic scientist employed by the Ohio Bureau of Criminal

Identification and Investigation (BCI&I); Detective Daniel Croy of the Highland County Sheriff's Department; Detective Jennifer Swackhammer, Deputy Vinny Antinore, Detective Randy Sanders, and Detective Chris Bowen, all of the sheriff's department.  Co-defendant Kevin Colville testified on behalf of Appellant.  Appellant also testified in his own defense.

{¶4} In closing, the State argued that circumstantial evidence showed Appellant possessed pseudoephedrine and lithium, necessary chemicals in the manufacture of drugs, and that he possessed the items with the intent to manufacture drugs.  The State pointed out Appellant purchased pseudoephedrine at least twice a month on average in the year 2014.  The State emphasized Appellant knew Colville cooked methamphetamine.  The State noted the room in which Appellant was located contained a majority of the items found for the manufacture of drugs.  At the conclusion of the one-day trial, the jury returned a verdict of guilty.

{¶5} Appellant timely filed a direct appeal of his conviction.  We note that Appellant had the same counsel on appeal as he had at the trial court level.  After his direct appeal was filed, but was still pending, Appellant filed a pro se petition for postconviction relief in the trial court, alleging multiple instances of ineffective assistance of trial counsel at the trial court level, and also the appellate level.  As a result, Appellant's appellate counsel, who was

also his trial counsel, filed a request to withdraw, which we permitted. On direct appeal, Appellant challenged the weight and sufficiency of the evidence introduced at trial. Appellant also argued that his mandatory five-year sentence was improper.[1] Prior to the issuance of our decision related to Appellant's direct appeal, the trial court issued an order denying Appellant's petition for postconviction relief. In denying Appellant's petition, the trial court noted that some of the arguments were barred by res judicata, but went on to address and deny each of the arguments on their merits.

{¶6} This Court then subsequently issued our decision related to Appellant's direct appeal, determining that Appellant's conviction was supported by the sufficiency of the evidence and was not against the manifest weight of the evidence and therefore overruling those assignments of error. However, we found that the five-year mandatory sentence imposed upon Appellant was clearly and convincingly contrary to law, and thus we reversed and remanded the matter, in part, for further proceedings. *State v. Clark*, 4th Dist. Highland No. 14CA20, 2015-Ohio-5003.

{¶7} Appellant has now filed an appeal from the trial court's denial of his petition for postconviction relief, setting forth four assignments of error for our review.

---

[1] Appellant's appellate brief in his direct appeal was prepared by his appellate counsel prior to her withdrawal.

ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING
        THAT THE TRIAL COUNSEL DID NOT VIOLATE PROF. COND.
        RULE 1.12(a) AND DEPRIVE APPELLANT OF THE EFFECTIVE
        ASSISTANCE OF COUNSEL, DESPITE OVERWHELMING
        EVIDENCE TO THE CONTRARY.

II.     TRIAL COURT ABUSED ITS DISCRETION WHEN IT
        MISAPPLIED THE LAW OF R.C. 2925.041.

III.    TRIAL COURT ABUSED ITS DISCRETION WHEN IT AGREED
        WITH APPELLANT REGARDING HIS ENTITLEMENT TO
        DISCHARGE AFTER THE STATE VIOLATED R.C. 2945.73 YET
        STILL REFUSED TO ORDER AN EVIDENTIARY HEARING.

IV.     TRIAL COURT ABUSED ITS DISCRETION WHEN IT HELD
        THAT THE DEFENDANT'S COUNSEL DID NOT CONCEDE
        GUILT DESPITE TRANSCRIPT TESTIMONY TO THE
        CONTRARY."

STANDARD OF REVIEW

{¶8} The postconviction relief process is a collateral civil attack on a

criminal judgment rather than an appeal of the judgment. *State v. Calhoun*,

86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).  Postconviction relief is not

a constitutional right; instead, it is a narrow remedy that gives the petitioner

no more rights than those granted by statute. Id.  It is a means to resolve

constitutional claims that cannot be addressed on direct appeal because the

evidence supporting the claims is not contained in the record. *State v.*

*Sidibeh*, 10th Dist. Franklin No. 12AP-498, 2013-Ohio-2309, ¶ 8.

{¶9} "[A] trial court's decision granting or denying a postconviction relief petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58; *Calhoun* at 284 ("the [postconviction relief statute] clearly calls for discretion in determining whether to grant a hearing"); *State v. Lewis*, 4th Dist. Ross No. 10CA3181, 2011-Ohio-5224, ¶ 8; quoting *State v. Hicks*, 4th Dist. Highland No. 09CA15, 2010-Ohio-89, ¶ 10 ("abuse of discretion is the most prevalent standard for reviewing the dismissal of a petition for postconviction relief without a hearing").  A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Cullen v. State Farm Mut. Auto. Ins. Co*., 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 19.

{¶10}  A criminal defendant seeking to challenge the conviction through a petition for postconviction relief is not automatically entitled to an evidentiary hearing. *Calhoun*, 86 Ohio St.3d at 282; citing *State v. Cole*, 2 Ohio St.3d 112, 443 N .E.2d 169 (1982).  Before granting an evidentiary hearing, the trial court must consider the petition, supporting affidavits, documentary evidence, files and records pertaining to the proceedings

against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript, to determine whether there are substantive grounds for relief. R.C. 2953.21(C). "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth operative facts to establish substantive grounds for relief." *Calhoun,* 86 Ohio St.3d 279, at paragraph two of the syllabus; see also *State v. Slagle*, 4th Dist. Highland No. 11CA22, 2012-Ohio-1936, ¶ 14; quoting *State v. Bradford*, 4th Dist. Ross No. 08CA3053, 2009-Ohio-1864, ¶ 10.

### INEFFECTIVE ASSISTANCE OF COUNSEL

{¶11} All four of the assignments of error raised by Appellant claim ineffective assistance of counsel. Criminal defendants have the constitutional right to counsel, which includes the right to the effective assistance of counsel. *Evitts v. Lucey*, 469 U.S. 387, 392, 105 S.Ct. 830 (1985) ("we have held that the trial-level right to counsel, created by the Sixth Amendment and applied to the States through the Fourteenth

Amendment, * * * comprehends the right to effective assistance of counsel"); Article I, Section 10, Ohio Constitution.

{¶12} To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); *State v. Warren*, 4th Dist. Ross No. 12CA3324, 2013-Ohio-3542, ¶ 25-26. On the issue of ineffectiveness, the petitioner has the burden of proof because in Ohio, a properly licensed attorney is presumed competent. *Gondor,* 112 Ohio St.3d 377, at ¶ 62.  Failure to satisfy either part of the test is fatal to an ineffective-assistance claim. *Strickland* at 697; *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

{¶13} For the first part of the test, the deficient performance requires that the defendant show that counsel's errors were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Calhoun*, 86 Ohio St.3d at 289; citing *Strickland* at 687.  The United States Supreme Court has emphasized that judicial scrutiny of counsel's

performance is highly deferential, dependent upon an evaluation from counsel's perspective at the time the conduct occurred, and requiring the application of a strong presumption that counsel's conduct constituted sound trial strategy, even if ultimately unsuccessful:

> "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide

effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way." (Citations omitted.) *Strickland,* 466 U.S. at 689.

**{¶14}** Further, "[d]ebatable trial tactics generally do not constitute a deprivation of effective counsel." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 192.  "There are numerous ways to provide effective assistance of counsel, and debatable trial tactics and strategies do not constitute a denial of that assistance." *State v. Cloud*, 5th Dist. Delaware No. 06CAA090068, 2007-Ohio-4241, ¶ 37.  Questioning witnesses is manifestly within the realm of trial strategy, and "we will not question counsel's strategic decision to engage, or not to engage, in a particular line of questioning as these decisions are presumed to be the product of sound trial strategy." *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 25 (appeal from judgment dismissing petition for postconviction relief); see also *Cloud* at ¶ 37 ("The decision to introduce evidence falls within the realm of trial strategy and does not rise to the level of deficient performance on these facts"); *In the Matter of Riley*, 4th Dist. Washington No. 03CA19, 2003-Ohio-4109, ¶ 21 ("Failing to question witnesses on cross examination and choosing not to present witnesses fall within the realm of trial strategy"); *State v. Messer-Tomak*, 10th Dist. Franklin No. 10AP-847,

2011-Ohio-3700, ¶ 32; quoting *State v. Treesh*, 90 Ohio St.3d 460, 490, 739 N.E.2d 749 (2001) ("counsel's decision about whether to call a witness generally 'falls within the rubric of trial strategy and will not be second-guessed by a reviewing court' ").

## RES JUDICATA PRINCIPLES

{¶15} "The doctrine of res judicata bars the relitigation of issues that were raised on appeal or could have been raised on appeal." *State v. Cruz*, 8th Dist. Cuyahoga No. 101544, 2014-Ohio-5695, ¶ 14; quoting *In re A.I.*, 8th Dist. Cuyahoga No. 99808, 2014-Ohio-2259, ¶ 34.  Further, we note that the doctrine of res judicata is generally applicable to petitions for postconviction relief in that the doctrine "bars claims for post-conviction relief based on allegations which the petitioner raised, or could have raised, in the trial court or on direct appeal." *State v. Howard*, 4th Dist. Scioto No. 96CA2470, 1997 WL 46006 (Aug. 11, 1997); citing *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph nine of the syllabus.  A review of the record reveals that the State, in its memorandum in opposition to Appellant's petition, argued that each and every claim raised by Appellant was barred by the doctrine of res judicata.  However, as indicated above, the trial court denied all seven of Appellant's claims raised in his petition based upon the merits, but included additional language that two of Appellant's

claims were also barred by the doctrine of res judicata. At first blush, it appears that most if not all of Appellant's claims should be barred by the doctrine of res judicata because not only were they capable of being raised in his direct appeal of his conviction, the matters complained of do not depend upon evidence outside of the record. However, based upon the following, we conclude that the doctrine of res judicata is inapplicable to Appellant's petition for postconviction relief, both at the trial court level and now on appeal.

{¶16} First, this Court has previously held that a trial court cannot "rely on the doctrine of res judicata to bar consideration of post-conviction claims while a first appeal of right remained pending." *State v. Seal*, 4th Dist. Highland No. 13CA15, 2014-Ohio-5415, ¶ 17; citing *State v. Keeley*, 2013-Ohio-474, 989 N.E.2d 80 (4th Dist.). In *Keeley*, we reasoned that res judicata may be invoked to bar postconviction claims only after the first appeal of right has been determined, or when no appeal is taken. Id.; citing *Keeley* at ¶ 7. We have further noted that "invoking the doctrine of res judicata while a first appeal of right is pending would render R.C. 2953.21(C) meaningless, because a trial court could always avoid ruling on the petition's merits as long as no decision had been rendered on the appeal. Id.; citing *Keeley* at ¶ 8.

{¶17} As set forth above, Appellant filed his petition for postconviction relief while his direct appeal was still pending and the trial court issued its decision before the appeal had been concluded. Fortunately, the trial court did not primarily rely on the doctrine of res judicata in determining Appellant was not entitled to a hearing and in denying Appellant's claims. As set forth above, despite argument to the contrary by the State, the trial court only cited res judicata as an alternative basis for denying two of the seven claims raised by Appellant in his petition. The decision of the trial court denied each of the claims on their merits, providing detailed findings of fact and conclusions of law for each. Thus, we find no error by the trial court in this regard.

{¶18} At this stage in the proceedings, however, we would be inclined to now apply the doctrine of res judicata in the current appeal, as Appellant's direct appeal has been determined, in accordance with our reasoning set forth in *State v. Seal*, supra, at ¶ 18 (applying res judicata to appeal from denial of postconviction relief where the trial court denied the petition on the merits, rather than the basis of res judicata, and Seal's direct appeal had been concluded). However, we find that another exception to the doctrine of res judicata precludes us from doing so.

{¶19} In *State v. Miller,* 4th Dist. Ross No. 01CA2614, 2002-Ohio-407, *2, this Court noted that "an exception to the general rule can be asserted in cases where the petitioner is claiming ineffective assistance of counsel in a post-conviction relief proceeding." We explained that "[u]nder the exception, res judicata is not a bar to a defendant's claim of ineffective assistance of counsel in a post-conviction relief proceeding if he was represented by the same counsel at both the trial and on direct appeal." Id.; citing *State v. Lentz*, 70 Ohio St.3d 527, 529-530, 639 N.E.2d 784 (1994); *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169, 171 (1992). A review of the record in the case sub judice indicates that Appellant had the same counsel at trial and upon appeal.

{¶20} In the trial court's decision denying Appellant's petition for postconviction relief, the trial court noted that Appellant's direct appeal was pending and that appellate counsel had filed a request in the appeal to withdraw from representation. A review of the file from Appellant's direct appeal reveals that Appellant's trial counsel, who was also counsel on appeal, prepared and filed the brief on Appellant's behalf, raising four assignments of error, none of which involved ineffective assistance of counsel. Appellant's counsel was permitted to withdraw upon her request, however no additional briefing occurred and new counsel was not appointed.

Thus, Appellant was effectively foreclosed from raising any arguments based upon alleged ineffective assistance of counsel.

{¶21} For these reasons, we find that the doctrine of res judicata, while generally applicable in postconviction cases, is inapplicable to the case presently before us. Therefore, we will review the dismissal of Appellant's petition with the understanding that his claims were not barred by an application of this doctrine.

## ASSIGNMENT OF ERROR I

{¶22} In his first assignment of error, Appellant contends that the trial court abused its discretion in finding that trial counsel did not violate Prof. Cond. Rule 1.12(a) and deprive Appellant of effective assistance of counsel, despite overwhelming evidence to the contrary. Specifically, Appellant argues that his trial counsel served as acting judge in the Hillsboro Municipal Court in the cases of two co-defendants prior to being appointed as Appellant's trial counsel in the Municipal Court and then later in the Common Pleas Court. The trial court denied this claim on its merits, finding that Appellant's trial counsel did not violate Prof. Cond. Rule 1.12(a), and that even if counsel did violate the rule, Appellant failed to demonstrate that he had been prejudiced as a result. For the following reasons, we find no prejudice herein.

{¶23} Prof. Cond. Rule 1.12(a) provides as follows:

"Except as stated in division (d), a lawyer shall not represent anyone in connection with a matter in which the lawyer participated *personally and substantially* as a judge, or other adjudicative officer or law clerk to such a person or as an arbitrator, mediator, or other third-party neutral, unless all parties to the proceeding give *informed consent, confirmed in writing*."

Further, the Official Comment to this rule states as follows:

"The term "personally and substantially" signifies that a judge who was a member of a multimember court, and thereafter left judicial office to practice law, is not prohibited from representing a client in a matter pending in the court, but in which the former judge did not participate.  So also the fact that a former judge exercised administrative responsibility in a court does not prevent the former judge from acting as a lawyer in a matter where the judge had previously exercised remote or incidental administrative responsibility that did not affect the merits."

**{¶24}** Claimed ineffective assistance of counsel based upon an alleged

violation of a professional rule of conduct was also raised in *State v.*

*Robinson*, 2nd Dist. Greene No. 2013-CA-33, 2014-Ohio-1663. In that case,

Robinson argued that his defense counsel violated Rule 1.8(f)(1) of the Ohio

Rules of Professional Conduct, which requires that a lawyer obtain a client's

informed consent when accepting compensation from a third party on behalf

of a client. Id. at ¶ 24. The *Robinson* court went on to provide a concise

summary of relevant caselaw on the issue of ineffective assistance of

counsel claims based upon professional conduct rules, which we set forth

verbatim:

> "Appellate courts do 'not have jurisdiction over the issue of
>
> whether an attorney violated the Rules of Professional Conduct
>
> even when it is raised in the context of an appeal.' (Citations
>
> omitted*.) State v. Snyder*, 6th Dist. Williams No. WM-08-004,
>
> 2009-Ohio-49, ¶ 35; see also *State ex rel. Buck v. Maloney*, 102
>
> Ohio St.3d 250, 2004-Ohio-2590, 809 N.E.2d 20, ¶ 7-8 (the
>
> Supreme Court of Ohio has exclusive and absolute jurisdiction
>
> over the discipline of attorneys); *State v. Montgomery*, 2013-
>
> Ohio-4193, 997 N.E.2d 579, ¶ 36 (8th Dist.) (appellate courts
>
> 'have no authority to address claimed violations of the Rules of

Professional Conduct-that authority rests solely with the Ohio Supreme Court'); *Rice v. Lewis*, 4th Dist. Scioto No. 09CA3307, 2010-Ohio-1077, ¶ 51 (finding appellate court did not have jurisdiction over whether an attorney violated the Rules of Professional Conduct due to a conflict of interest); *State v. Frazier*, 8th Dist. Cuyahoga No. 62557, 1994 WL 50703, *9 (Feb. 17, 1994) ('Appellant may not rely upon a rule meant as a guide for attorneys to follow to maintain the professionalism of the practice of law to support his assertion of error in the trial proceedings'). In turn, 'the issue of ineffective assistance based upon a violation of the Rules of Professional Conduct * * * is outside [the appellate court's] jurisdiction * * *.' *Snyder* at ¶ 51; see also *Diing v. Howes*, W.D. Michigan No. 1:09-cv-1058, 2012 WL 1413039, *10 (Mar. 29, 2012) ('Conduct mandated by the Rules of Professional Conduct clearly cannot support a claim of ineffective assistance of counsel')." *State v. Robinson* at ¶ 24.

{¶25} The *Robinson* court then went on to determine that the rules of professional conduct may be used by courts "as a guideline to assess whether an attorney renders ineffective assistance of counsel because the

first component of that determination is whether counsel's conduct fell below an objective standard of reasonableness for an attorney." Id. at ¶ 25. Thus, we are persuaded by the reasoning set forth in *Robinson* that we may look to the ethical rules for guidance when determining whether Appellant received ineffective assistance of trial counsel. As indicated above, we agree with the trial court's determination that Appellant did not receive ineffective assistance of counsel.

{¶26} Appellant argues that trial counsel's acts of "presiding" over two co-defendants' cases at the municipal court level "alone is sufficient to constitute such a conflict of interest as to render her representation of him ineffective." Appellant also seems to argue that his counsel was required to obtain his "informed consent in writing" and that she failed to do so because she was "conspiring" with the trial court and prosecutor to keep the alleged violation of the professional rules from Appellant. Such an argument is not supported by the record.

{¶27} Here, we affirm the trial court's denial of this claim contained in Appellant's petition for postconviction relief concerning the alleged conflict of interest. The trial court made factual findings that determined there was no conflict.

{¶28} As noted in the trial court's decision, Appellant's trial counsel, as acting judge in the co-defendants' cases, "heard no evidence and all actions that she took were by agreement of the parties." Despite Appellant's arguments to the contrary, we agree with the trial court's determination that her actions as acting judge "were more of a ministerial action as opposed to judicial decision making in an adversarial proceeding." This finding is supported by the record in that one of the co-defendants simply waived counsel, waived a preliminary hearing and was bound over to the grand jury. The other co-defendant's case was dismissed by agreement of the parties without a preliminary hearing.

{¶29} Moreover, and importantly, Appellant has failed to demonstrate how he was prejudiced by this alleged conflict of interest. Appellant raised sufficiency and manifest weight of the evidence in his direct appeal of his convictions. This Court determined that his convictions were supported by sufficient evidence and were not against the manifest weight of the evidence. As will be discussed in more detail below, Appellant's convictions were supported in large part by his own testimony at trial, which included admissions that he used methamphetamine, had purchased Sudafed in hopes to obtain methamphetamine, and that he was aware that Kevin Colville, whose residence he was at, cooked meth and had done so before. As such,

we fail to see how, even if Appellant's trial counsel had a conflict of interest, such conflict affected the outcome of the proceedings.

{¶30} In light of the foregoing we cannot conclude that Appellant received ineffective assistance of trial counsel in this regard. Thus, we cannot conclude that the trial court erred or abused its discretion in denying this claim. Accordingly, Appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

{¶31} In his second assignment of error, Appellant contends that the trial court abused its discretion when it misapplied R.C. 2925.041. More specifically, Appellant argues that he should not have been sentenced to a mandatory five-year prison term because his two prior drug convictions occurred as part of the same criminal case. We initially note that in his petition for postconviction relief, Appellant argued that he received ineffective assistance of counsel in that his counsel incorrectly represented the law and facts, with respect to his prior convictions, during plea negotiations, at a status conference, at sentencing, and then again on appeal.[2] Appellant now seems to argue error on the part of the trial court in imposing sentence, rather than ineffective assistance of counsel.

---

[2] We note, however, at this juncture that "[c]laims of ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings pursuant to R.C. 2953.21." *State v. Miller*, 4th Dist. Ross No. 01CA2614, 2002-Ohio-407, *3; quoting *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204, syllabus (1992). Rather, "[t]he proper procedure is to file an application for reopening under App.R. 26(B)." Id.

**{¶32}** However, a review of the record, including Appellant's prior direct appeal, indicates that Appellant's five-year mandatory sentence has already been reversed and the matter has been remanded back to the trial court for further proceedings. *State v. Clark*, supra.  Thus, any argument regarding the correctness or validity of the sentence imposed by the trial court has been rendered moot.  Accordingly, we do not reach the merits of this assignment of error.

ASSIGNMENT OF ERROR III

**{¶33}** In his third assignment of error, Appellant contends that the trial court abused its discretion when it agreed with Appellant regarding his entitlement to discharge after the state violated R.C. 2945.73 yet still refused to order an evidentiary hearing.  A review of the trial court's decision denying Appellant's petition for postconviction relief indicates that the trial court concluded this claim was barred by res judicata.  However, the trial court also addressed and denied this claim on its merits, determining as follows:

> "Even though it appears that the Defendant was not afforded a
>
> preliminary hearing within ten days as required by R.C.
>
> 2945.71(C)(1), trial counsel's performance in not requesting a
>
> dismissal of the charge and discharge pursuant to R.C.

2945.73(A) was not deficient and would not have affected the

outcome of the proceedings in this case because pursuant to

R.C. 2945.73(D) such a dismissal would have been without

prejudice and was not a bar to further prosecution such as an

indictment."

For the following reasons, we agree with the trial court and therefore cannot

conclude that the trial court erred or abused its discretion in denying this

claim without an evidentiary hearing.

{¶34} This Court has previously noted, with respect to the entitlement

to a timely preliminary hearing, as follows:

"R.C. 2945.73(A) provides that a felony charge must be

dismissed if the defendant is not accorded a preliminary hearing

within the time required by section 2945.71 of the Revised

Code.  R.C. 2945.71(C)(1) states that a person against whom a

felony charge is pending must be accorded a preliminary

hearing within ten consecutive days after his arrest if the

defendant is held in jail in lieu of bail on the pending charge.[3]

Finally, we note that Crim.R. 5(B) states that 'The preliminary

hearing shall not be held, however, if the defendant is

---

[3] "See, also, Crim.R. 5(B) which states that if a defendant in a felony case does not waive a preliminary hearing, one shall be scheduled within a reasonable time, but in any event no later than ten consecutive days following arrest if the defendant is in custody." *State v. Kinney*, supra, at FN.2.

indicted.' " *State v. Kinney*, 4th Dist. Ross No. 96CA2176,

1996 WL 571394, *2.

We further noted that the application of R.C. 2945.73(A) presents us with a

question of law.  Id.

{¶35} As discussed in *Kinney*, [t]he purpose of a preliminary hearing

is merely to determine whether sufficient evidence, i.e., probable cause,

exists to warrant the court in binding the defendant over to the grand jury."

Id. (internal citations omitted).  Thus, we concluded, "there is no

constitutional right to a preliminary hearing once an indictment has been

returned against a defendant since a probable cause determination has

already been made by a grand jury."  Id. (internal citations omitted).  The

Ninth District has also spoken on this issue in *State v. Zaffino*, 9th Dist.

Summit No. 21514, 2003-Ohio-7202.  The *Zaffino* court concluded that

although Crim.R. 5(B) and R.C. 2945.73 "prescribe that a preliminary

hearing shall be held within a designated time period, the failure to provide a

preliminary hearing within the specified time periods does not automatically

entitle a defendant to a dismissal of the charges against him." *Zaffino* at ¶ 9.

The *Zaffino* court explained that "any dismissal resulting from exceeding the

time limits of Crim.R. 5(B) or R.C. 2945.73 is not self-executing[,]" but

rather a "defendant must take 'some timely and proper action' to secure such

a dismissal." Id. at ¶ 11; quoting *State v. Wood*, 48 Ohio App.2d 339, 342, 357 N.E.2d 1106 (8th Dist. 1976). Here, Appellant was ultimately provided a preliminary hearing before he was indicted, but it was not within the time limits prescribed.

{¶36} However, as noted in *Zaffino* at ¶ 12, "[t]he Ohio Supreme Court has indicated that no rights or defenses are lost for failure to have a preliminary hearing." Citing *White v. Maxwell*, 174 Ohio St. 186, 188, 187 N.E.2d 878 (1963), certiori denied, 375 U.S. 880, 84 S.Ct. 151. As further discussed in *Zaffino*, a subsequently issued indictment is a valid charging instrument and need not be dismissed "merely because it was returned after the time limits imposed on a preliminary hearing." *Zaffino* at ¶ 13; citing *State v. Parker*, 10th Dist. Franklin Nos. 80 AP-67 and 68, 1980 WL 353656; See also, *State v. Aberle*, 5th Dist. Muskingham No. CA91-33, 1992 WL 173387; citing *State v. Pugh*, 53 Ohio St.2d 153, 372 N.E.2d 1351 (1978) (holding that a defendant who was not accorded a timely preliminary hearing could subsequently be indicted for the same offense for which he was originally arrested); *State v. Hayslip* (May 6, 1991), 12th Dist. Clinton No. CA90-05-012, 1991 WL 71983; citing *State v. Bonarrigo*, 62 Ohio St.2d 7, 12, 402 N.E.2d 530 (1980) and *State v. Pugh*, supra. (The failure to provide a preliminary hearing to an accused within the time limits of R.C.

2945.71 "is not fatal to a conviction based on a subsequent indictment for the same offense.").

{¶37} The *Zaffino* court further stated that "[t]he remedy for failure to timely bring a person to trial is a 'discharge,' whereas the failure to provide a timely preliminary hearing is a 'dismissal' of the charges." *Zaffino* at ¶ 15. The court further noted that the Committee Comments to R.C. 2945.73 indicate that while a failure to afford a timely trial for a misdemeanor or felony requires a dismissal "with prejudice," a failure to afford a timely preliminary hearing only requires "that the case be dismissed as on a nolle prosequi." Id. Finally, *Zaffino* noted "Ohio courts have held that where a charge is dismissed pursuant to a nolle prosequi, another prosecution for the same offense is permissible." *Zaffino* at ¶ 16 (internal citations omitted).

{¶38} Here, the record indicates, and the trial court found, that Appellant was not afforded a preliminary hearing within ten days of his arrest. His preliminary hearing was held twenty-one days after his arrest and no objection was made at that time. Appellant was indicted by the grand jury six days after his preliminary hearing, on September 9, 2014. Based upon the foregoing statutory and case law, despite the fact that Appellant was not afforded a preliminary hearing within ten days of his arrest, the State was not barred from further prosecution by way of indictment. Thus,

even had counsel objected at the time of the preliminary hearing and the charge against Appellant had been dismissed at that time, the charge would have been dismissed without prejudice. Counsel's performance, therefore, was not deficient, in that such error did not affect the outcome of the proceedings as the State was not barred from further prosecution by way of indictment. More simply stated, counsel's failure to object to a time violation related to the preliminary hearing did not affect the ultimate outcome of the proceedings, in which Appellant was convicted by a jury pursuant to a subsequently brought indictment.

{¶39} Having determined that counsel's error did not affect the outcome of the proceedings or otherwise prejudice Appellant, we cannot conclude that Appellant received ineffective assistance of trial counsel in this regard. As such, we cannot conclude that the trial court erred or abused its discretion in denying this claim. Accordingly, Appellant's third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

{¶40} In his fourth assignment of error, Appellant contends that the trial court abused its discretion when it held that his counsel did not concede guilt despite transcript testimony to the contrary. Appellant directs this Court to four specific instances which he claims demonstrates that his trial

counsel conceded his guilt. Two of the statements counsel made were during opening statements and the other two statements were made during closing arguments.

{¶41} Appellant points to two statements made by trial counsel during closing arguments. First, Appellant directs us to the following statement made by counsel: "And what he [Appellant] told you was why he possessed the methamphetamine, or the Sudafed." Next, Appellant complains that trial counsel also stated during closing arguments that Appellant was not innocent.

{¶42} Appellant also points to two statements made during opening statements. First, Appellant directs our attention to the following statement made by counsel: "Perhaps you'll hear testimony that previously [sic] years past he [Appellant] had participated in a cook." Next, Appellant complains that trial counsel conceded that he possessed pseudoephedrine. The trial transcript indicates Appellant's trial counsel stated as follows during opening statements:

> "So, again, I want you to pay attention like you did hopefully at the very beginning when Mr. Greer started his statement and he said to you: Mr. Clark is guilty of possession of

pseudoephedrine. Okay, but what's the rest of it? Let's not forget that its every single element."

{¶43} A review of the transcript reveals that Appellant's trial counsel did indeed make a statement indicating Appellant had possessed methamphetamine, however, as is plainly evident from a review of the transcript, and as found by the trial court, trial counsel immediately corrected herself and said Sudafed. We find no error with respect to this statement. With respect to the other statements, we conclude that Appellant's trial counsel did not concede guilt, and more importantly, did not concede anything more than Appellant himself conceded when he testified at trial. For example, in our consideration of this matter as part of Appellant's prior direct appeal, we noted that Appellant himself testified that he had purchased Sudafed the day before his arrest. At trial, he denied manufacturing methamphetamine, but conceded that he had used methamphetamine on the day of his arrest and that he knew that Kevin Colville, who lived at the address, cooked meth and had done so before. Appellant further testified that his purpose in purchasing Sudafed the day before was for the purpose of giving it to his girlfriend to obtain methamphetamine. Importantly, Appellant also admitted he had a prior conviction for illegal assembly.

{¶44} Appellant's trial counsel was not deficient in making the statements at issue. It was sound trial strategy to concede the uncontroverted points, that Appellant used methamphetamine, had previously purchased and been in possession of Sudafed, and had previously been involved in the manufacturing of methamphetamine by virtue of his prior conviction. *State v. Wade*, 4th Dist. Ross No. 14CA3435, 2015-Ohio-997, ¶ 23; See also, *State v. Young*, 5th Dist. Fairfield No. 30-CA-85, 1999 WL 252835, *4 (Apr. 19, 1999) ("Clearly, any concession as to appellant's guilt or as to the credibility of witnesses constituted trial strategy, rather than ineffective assistance of counsel"). The remarks by Appellant's trial counsel did not constitute a concession of guilt, but to the contrary, attempted to persuade the jury that although he had had a previous conviction, was a meth user, and had purchased Sudafed, he had no intent to manufacture methamphetamine. As we explained in *Wade*, supra, " ' "There is a distinction which can and must be drawn between a statement or remark which amounts to a tactical retreat and one which has been called a complete surrender. " ' " *Wade* at ¶ 23; quoting *State v. Goodwin*, 84 Ohio St.3d 331, 337, 703 N.E.2d 1251 (1999); in turn quoting *Clozza v. Murray*, 913 F.2d 1092, 1099 (4th Cir.1990). Thus, we conclude trial counsel's statement

represented a tactical retreat based on sound trial strategy rather than an admission of guilt or surrender.

{¶45} Further, it is well settled that statements of counsel are not to be considered as evidence. *State v. Canterbury*, 4th Dist. Athens No. 13CA34, 2015-Ohio-1926, ¶ 23. Here, the trial court instructed the jury as follows: "Opening statements themselves are not evidence, they are simply a preview of the claims of each party designed to help you follow evidence as it is presented during the trial." The trial court further instructed the jury that "The evidence does not include the Indictment, the Opening Statements, or Closing Arguments of counsel. The Opening Statements and closing Arguments, as the Court has indicated previously, are designed to assist you, but they are not evidence." " ' "A presumption always exists that the jury has followed the instructions given to it by the trial court." ' " Id.; quoting *State v. Murphy*, 4th Dist. No. 09CA3311, 2010-Ohio-5031, ¶ 81; in turn quoting *Pang v. Minch*, 53 Ohio St.3d 186, 559 N.E.2d 1313 (1990), paragraph four of the syllabus.

{¶46} Based upon the foregoing, we cannot conclude that trial counsel conceded Appellant's guilt, or that her performance was otherwise deficient. Rather, the actions of counsel appear to have been sound trial strategy, especially in light of the concessions Appellant himself made when he

testified at trial.  Thus, Appellant has failed to demonstrate ineffective assistance with respect to this claim.  Accordingly, because we cannot conclude that the trial court erred or abused its discretion in denying this claim, Appellant's fourth assignment of error is overruled.

CONCLUSION

{¶47} In our view, Appellant's petition for postconviction relief did not set forth sufficient operative facts regarding his trial counsel's alleged ineffectiveness to establish substantive grounds for relief.  As such, Appellant was not entitled to a hearing.  In light of these conclusions, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

### NOTICE TO COUNSEL
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**