[Cite as *State v. Swift*, 2016-Ohio-8203.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 16CA010925 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| DENNIS W. SWIFT, JR. | COURT OF COMMON PLEAS |
| | COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 15CR092183 |

DECISION AND JOURNAL ENTRY

Dated: December 19, 2016

HENSAL, Judge.

{¶1} Appellant, Dennis Swift, Jr., appeals his convictions from the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} A grand jury indicted Swift on charges for aggravated burglary, aggravated robbery, kidnapping, felonious assault, and having weapons while under disability. Swift pleaded not guilty and the case proceeded to a jury trial. The jury returned a verdict of guilty on all counts, and the trial court sentenced him to a total of 12 years of incarceration. Swift now appeals, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT DENIED APPELLANT DUE PROCESS, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, BY RETALIATING AGAINST HIM FOR

EXERCISING HIS RIGHTS TO NOT PLEAD GUILTY AND HAVE HIS CASE TRIED BEFORE A JURY.

**{¶3}** In his first assignment of error, Swift argues that the trial court violated his due process rights by punishing him for not accepting the State's plea offer and instead exercising his right to a jury trial. The State disagrees, arguing that a review of the whole transcript, not just the portions cited by Swift, demonstrates that there is no support for Swift's argument that the trial court increased his sentence because he did not accept the State's plea offer.

**{¶4}** "A criminal defendant is guaranteed the right to a trial by jury and cannot be punished for exercising that right by refusing a plea offer." *State v. Tucker*, 9th Dist. Lorain No. 13CA010339, 2016-Ohio-1353, ¶ 29, citing *State v. O'Dell*, 45 Ohio St.3d 140 (1989), paragraph two of the syllabus. "Any increase in sentencing that is attributable to the defendant's decision to take the case to trial is improper." *Id.*, citing *State v. Morris*, 159 Ohio App.3d 775, 2005-Ohio-962, ¶ 12 (4th Dist.). Consequently, a trial court must avoid the appearance that a sentence has been enhanced because the defendant chose to take the case to trial. *State v. Chapman*, 190 Ohio App.3d 528, 2010-Ohio-5924, ¶ 30 (9th Dist.), citing *Morris* at ¶ 13. "If a court makes statements from which it can be inferred that the sentence was increased due to a defendant's decision to proceed to trial, then that sentence must be vacated unless the record contains unequivocal evidence that the decision to proceed to trial was not considered when sentencing the defendant." *State v. Turner*, 9th Dist. Summit No. 27210, 2014-Ohio-4460, ¶ 22.

**{¶5}** In support of his argument that the trial court increased his sentence because he proceeded to trial, Swift directs this Court to the following statements that the trial court made following the parties' summary of the plea negotiations:

> [S]ometimes I go into a trial and I have an idea based on what lawyers tell me of what the facts of the case are. I can look at the police report, but that's just words on paper; and sometimes I sit through the trial and I go, this is much worse than

they led me to believe, and as a result of that, if convicted, I will impose more prison time than whatever the plea discussions were.

Swift further argues that the fact that the trial court mentioned that he rejected a plea offer at the sentencing hearing indicates that the trial court intended to punish him for exercising his right to a jury trial. Based upon our review of the record, we disagree.

{¶6} As the State points out, Swift's recitation of the trial court's statements omits relevant portions of the transcript. What Swift fails to acknowledge is that the trial court stated the following immediately after the above-quoted statement:

> On the other hand, sometimes it plays out just like the attorneys said it would and, you know, I may or may not impose more prison time. The other option is it's not as bad. But the bottom line is, you know the facts and witnesses who are going to testify as to what they saw, and you know what happened or didn't happen. So that's the risk you take. You certainly have a constitutional right to do it.

{¶7} The record, therefore, makes clear that the trial court was simply explaining the risks of going to trial, that is, that Swift could face more, or possibly less, prison time than the State's plea offer depending on what the evidence showed. We do not find that these statements created an inference that the trial court would increase Swift's sentence should he proceed to trial. *Turner* at ¶ 22.

{¶8} Additionally, we find no merit in Swift's argument that the fact that the trial court mentioned Swift's rejection of the plea offer at sentencing indicated that it intended to punish him for going to trial. While the record does reflect that the trial court referenced Swift's rejection of the State's plea offer, it did so in response to the State's comment that it originally offered Swift a 14-year prison sentence. The trial court interrupted the prosecutor and offered that, "[i]n fairness, the plea discussions were placed on the record, and eventually the offer was eight years * * * [w]hich Mr. Swift declined." We cannot say that these factually accurate

statements, without more, created an inference that the trial court increased Swift's sentence due to his decision to procced to trial. Swift's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

APPELLANT WAS NOT AFFORDED EFFECTIVE COUNSEL WHEN COUNSEL FAILED TO FILE A MOTION TO DISMISS AND PROCEEDED ON THE INDICTMENT AFTER THE FAILURE TO HAVE A PRELIMINARY HEARING WITHIN THE PRESCRIBED TIME LIMITATIONS.

{¶9} In his second assignment of error, Swift argues that he received ineffective assistance of counsel because his trial counsel did not move to dismiss the charges on the basis that a preliminary hearing was not held within ten days after his arrest. In response, the State argues that because Swift was subsequently indicted, the need for a preliminary hearing was extinguished. The State further argues that, even if Swift's counsel was deficient, he cannot establish that the alleged deficiency affected the outcome of the trial.

{¶10} To prove ineffective assistance of counsel, Swift must establish that (1) his counsel's performance was deficient, and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate prejudice, an appellant must prove that "there exists a reasonable probability that, were it not for counsel's [deficient performance], the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus. This Court need not address both prongs of *Strickland* if Swift fails to prove either one. *State v. Ray*, 9th Dist. Summit No. 22459, 2005–Ohio–4941, ¶ 10.

{¶11} There is no dispute that Swift did not receive a preliminary hearing within the applicable time period, but that he was indicted shortly thereafter. *See* Crim.R. 5(B)(1). If a defendant is not afforded a timely preliminary hearing, the felony charges must be dismissed. *See* R.C. 2945.73(A). This Court has held, however, that "the failure to provide a preliminary

hearing within the specified time periods does not automatically entitle a defendant to a dismissal of the charges against him." *State v. Zaffino*, 9th Dist. Summit No. 21514, 2003-Ohio-7202, ¶ 9. Rather, a defendant must take timely action to secure a dismissal. *Id.* at ¶ 11. "[I]f an indictment is handed down before a timely and proper action is taken to secure a dismissal, the right to a preliminary hearing is extinguished." *Id.* at ¶ 12; *State v. Morris*, 42 Ohio St.2d 307, 325-326 (1975), quoting *State v. Wigglesworth*, 18 Ohio St.2d 171 (1969), paragraph one of the syllabus ("[O]nce an indictment has been returned by the grand jury, a preliminary hearing before a magistrate is no longer necessary.").

{¶12} The Fourth District Court of Appeals recently addressed a factually similar scenario, and we find its analysis persuasive. In *State v. Clark*, the trial court held an untimely preliminary hearing and defense counsel did not move for dismissal based upon its untimeliness. 4th Dist. Highland No. 15CA12, 2016-Ohio-2705, ¶ 38. Six days later, a grand jury issued an indictment. *Id.* Addressing a claim for ineffective assistance of counsel, the Fourth District noted that the dismissal would not have barred the State from further prosecution by way of the indictment because the dismissal would have been without prejudice. *Id.* It, therefore, held that "a time violation related to the preliminary hearing did not affect the ultimate outcome of the proceedings" and that defense counsel did not provide ineffective assistance of counsel. *Id.* at ¶ 38, 39. We agree and hold that because Swift failed to establish that his trial counsel's alleged deficiency affected the ultimate outcome of the proceedings, he cannot establish that he received ineffective assistance of counsel. Accordingly, his second assignment of error is overruled.

III.

{¶13} Swift's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

GIOVANNA V. SCALETTA-BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and ELIZABETH LINDBERG, Assistant Prosecuting Attorney, for Appellee.