THE STATE OF OHIO, APPELLEE, *v.* PUGH, APPELLANT.

[Cite as State v. Pugh (1978), 53 Ohio St. 2d 153.]

(No. 76-1023—Decided March 1, 1978.)

154

*Mr. Stephen M. Gabalac*, prosecuting attorney, and *Mr. Carl M. Layman, III*, for appellee.

*Koerber, Nostwich & Ufholz Co., L. P. A.*, and *Mr. L. Terrence Ufholz*, for appellant.

*Per Curiam.*  The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, CELEBREZZE, P. BROWN and LOCHER, JJ., concur.

O'NEILL, C. J., W. BROWN and SWEENEY, JJ., dissent.

HERBERT, J., concurring.  I believe this case represents an appropriate fact pattern to test the propriety of a legislative fixing of so-called speedy hearing time limits. Our review should touch upon the separation of powers doctrine, as was done in *United States* v. *Howard* (1977), 46 U. S. L. W. 2266, and upon the issue of a possible conflict between the statutes and the Rules of Criminal Procedure.  Section 5(B) of Article IV of the Constitution of Ohio.

Under the law stated by the dissenting opinion, persons charged with serious crimes and released on bond must be discharged unless they are accorded either a preliminary hearing or are indicted, both within 15 days of their arrest. It must be emphasized that this result would obtain even though an accused has never been incarcerated upon the pending charge and despite the fact that there has been no showing of any prejudice to his position.  Furthermore, the dissenting opinion would cause appellant to be discharged from custody, even though his trial was free of error.  He could not be retried because of constitutional proscriptions against double jeopardy.  It would be a mistake for this court to permit itself to be forced to establish such a rule of law.

As stated in *Howard, supra*:

"The court is cognizant of the defendants' right to a speedy trial, just as it is cognizant of all their rights under the Constitution, and it is satisfied that the even-handed scrutiny of the appellate courts will not only preserve those

The concurring opinions, in my judgment, would require either the overlooking of the clear mandate of the statutes involved or the ignoring of appellant's persistent motions to dismiss.

When statutes pertaining to criminal proceedings cause immense problems in the administration of justice, foster the release of felons convicted in error-free trials and splinter the studied opinions of the members of the state's highest court, it is apparent that something has gone awry in the way in which our institutions of government are functioning. In my opinion, what has occurred in the present case is quite clear. In its zeal to serve the people, one branch of government has engaged in activity which, in modern times, is the obvious responsibility of another branch. Although the effort to help is certainly laudable, the result has been predictably unfortunate.

As judges have often stated, courts should always be mindful of the constitutional prerogatives of the General Assembly and should refrain from legislating. We are not equipped to legislate and we are not constitutionally entitled to legislate.

Occasionally, however, we are called upon to reiterate that this doctrine of separation is a two-way street, and when such rare situations arise we should not be loath to point them out.

Celebrezze, J., concurring. I believe that appellant's inconsistent conduct, *viz.*, entering a plea to the indictment, constituted a waiver of compliance with the applicable time limitation. *Cf. Crider* v. *Maxwell* (1968), 174 Ohio St. 190, wherein it is stated at page 192:

"The petitioner urges that he was deprived of his constitutional rights by not having a preliminary hearing. It is his contention that failure to afford a preliminary hearing deprives an accused of being able to confront the state's witnesses and lay evidence before the court as to the degree of accused's guilt and deprives him of other constitutional rights. Such is not the purpose of the preliminary hearing.

It is only to determine whether sufficient evidence exists to warrant binding an accused over to the grand jury to determine whether formal charges shall be placed against him. No rights or defenses are lost from a failure to have a preliminary hearing. In this respect, petitioner has been deprived of no constitutional right. *Once an indictment has been returned, a plea to such indictment waives any right the accused has to a preliminary hearing.* Annotation, 116 A. L. R. 550; 4 Wharton's Criminal Law and Procedure, 290, Section 1619." (Emphasis added.)

I write solely to address the appellate court's holding that, despite the failure to accord the accused a timely preliminary hearing, the subsequent return of an indictment by the grand jury somehow cured the patent error of the Municipal Court. Unless waived, both R. C. 2945.71(C)(1) and Crim. R. 5(B)(1) entitle a criminal defendant, in felony cases, to a preliminary hearing. The rule also provides that: "The preliminary hearing shall not be held, however, if the defendant is indicted." When the statute and the rule are read *in pari materia* it becomes evident that the reference in the rule is to a direct indictment; *i. e.,* one returned independent of a bindover order (as a result of a preliminary hearing or waiver of same). In that instance the accused is not arrested until *after* the indictment is returned by the grand jury, and thus there is no danger that an individual will be incarcerated for an indefinite period of time without probable cause for the detention having been established.

In the case *sub judice* it is not disputed that appellant spent 11 days in jail and another eight days on bond before a determination of probable cause was finally made, at which time appellant was bound over to the grand jury. It is therefore inaccurate to suggest that, under the present circumstances, the indictment could cure the error committed by the Municipal Court when it scheduled appellant's preliminary hearing beyond the prescribed time limits.

I would hold that where an individual has been ar-

rested and charged with a crime, and where there has been no waiver of the preliminary hearing, either express or implied, an indictment charging the same offense must be returned within the time limitations set forth in both the statute and the rule in order to obviate the statutorily-required hearing.[3]

LOCHER, J., concurs in the foregoing concurring opinion.

---

[3] Ohio's statute and criminal rule were modeled upon their federal counterparts, and therefore doubt as to the wisdom of the above interpretation may be resolved by an examination of the pertinent federal law.

Prior to the adoption of the Magistrate's Act of 1968, the practice of "mooting" the preliminary hearing was achieved, in certain federal districts, by having the hearing delayed via continuances until the grand jury could first act. Federal defendants challenged this procedure in post-indictment motions, on the ground that it denied their right, under former Fed. R. Crim. P. 5(c), to have a hearing within a "reasonable time" after the first appearance. The federal courts consistently held, however, that since the indictment had established probable cause, the defendant was entitled to neither his release nor a post-indictment preliminary hearing. See, e. g., *United States* v. *Motte* (S. D. N. Y. 1966), 251 F. Supp. 601; *Sciortino* v. *Zampano* (C. A. 2, 1967), 385 F. 2d 132.

In 1968, Congress adopted Section 303 of the Federal Magistrate's Act, Section 3060, Title 18, U. S. Code, and specific time periods were thereby substituted for the former "reasonable time" within which a preliminary hearing was to be held. Section 3060 reads, in part:

"(a) Except as otherwise provided by this section, a preliminary examination shall be held within the time set by the judge or magistrate pursuant to subsection (b) of this section, to determine whether there is probable cause to believe that an offense has been committed and that the arrested person has committed it.

"(b) The date for the preliminary examination shall be fixed by the judge * * * unless the arrested person waives the preliminary examination, such examination shall be held within a reasonable time following initial appearance, but in any event not later than—

"(1) the tenth day following the date of the initial appearance of the arrested person before such officer if the arrested person is held in custody without any provision for release * * * or

"(2) the twentieth day following the date of the initial appearance if the arrested person is released from custody * * *.

"(c) With the consent of the arrested person, the date fixed by

PAUL W. BROWN, J., concurring. It is my view that a failure to provide a preliminary hearing has no effect upon a conviction resulting from an indictment and trial. Since this, the only question before the Court of Appeals, was

the judge or magistrate for the preliminary examination may be a date later than that prescribed by subsection (b), or may be continued one or more times to a date subsequent to the date initially fixed therefor. In the absence of such consent of the accused, the date fixed for the preliminary hearing may be a date later than that prescribed by subsection (b), or may be continued to a date subsequent to the date initially fixed therefor, only upon the order of a judge of the appropriate United States district court after a finding that extraordinary circumstances exist, * * *.

"(d) Except as provided by subsection (e) of this section, an arrested person who has not been accorded the preliminary examination required by subsection (a) within the period of the time fixed by the judge or magistrate in compliance with subsections (b) and (c), shall be discharged from custody or from the requirement of bail or any other condition of release, without prejudice, however, to the institution of further criminal proceedings against him upon the charge upon which he was arrested.

"(e) No preliminary examination in compliance with subsection (a) of this section shall be required to be accorded an arrested person, nor shall such arrested person be discharged from custody or from the requirement of bail or any other condition of release pursuant to subsection (d), *if at any time subsequent to the initial appearance of such person before a judge or magistrate and prior to the date fixed for the preliminary examination pursuant to subsections (b) and (c) an indictment is returned * * *.*" (Emphasis added.)

In 1972 the Federal Rules of Criminal Procedure were amended, in light of Section 3060, and Fed. R. Crim. P. 5(c) currently provides, in pertinent part:

"A defendant is entitled to a preliminary examination, unless waived, when charged with any offense, other than a petty offense, which is to be tried by a judge of the district court. If the defendant waives preliminary examination, the magistrate shall forthwith hold him to answer in the district court. If the defendant does not waive the preliminary examination, the magistrate shall schedule a preliminary examination. *Such examination shall be held* within a reasonable time but in any event *not later than 10 days following the initial appearance if the defendant is in custody and no later than 20 days if he is not in custody, provided, however, that the preliminary examination shall not be held if the defendant is indicted or if an information against the defendant is filed in district court before the date set for the preliminary examination.*" (Emphasis added.)

properly decided, I agree that the judgment of that court should be affirmed. I do not conclude that the legislature said or intended otherwise.

WILLIAM B. BROWN, J., dissenting. The Court of Appeals ruled (1) that the charge against appellant should have been dismissed pursuant to R. C. 2945.73(A); (2) that such dismissal does not bar further proceedings against appellant based on the same conduct; and (3) that the failure to grant defendant a timely preliminary hearing was cured when he was subsequently indicted and tried within the time limits of the speedy trial statute even though the charges against him were not dismissed and proceedings against him were not reinstituted after he was denied the timely preliminary hearing. The appellate court based its decision on an unnecessarily strained interpretation of R. C. 2945.73(A) and (D) which ignores the statutory mandate that charges be dismissed and which effectively reads the requirement of a timely preliminary hearing out of the statute. Because the majority's affirmance lends this court's imprimatur to such unwarranted judicial legislating, I must dissent.

R. C. 2945.73 provides, in pertinent part:

"(A) A charge of felony shall be dismissed if the accused is not accorded a preliminary hearing within the time required by sections 2945.71 and 2945.72 of the Revised Code."

"(D) When a charge of felony is dismissed pursuant to division (A) of this section, such dismissal has the same effect as a nolle prosequi."

The language of R. C. 2945.73(A) is clear. It *mandates* that charges against a defendant denied a timely preliminary hearing be dismissed. It is not necessary to read that mandate out of the statute in order to give effect to R. C. 2945.73(D). The latter provision tempers the *effect* of the former one, but it does not negate it. Read *in pari materia*, R. C. 2945.73(A) and (D) allow the prosecution to proceed against a defendant after he has been de-

nied a timely preliminary hearing but only if it does so by reinstating proceedings *after* the initial charges against him have been dismissed. (Such a reading of the two statutes preserves the legislative requirement that charges be dismissed and also gives effect to the legislative intent to discourage prolonged pre-trial incarceration and to balance the defendant's right to speedy justice against the state's interest in obtaining convictions.)[4]

In the instant cause, even though the defendant was brought to trial less than 155 days after his arrest,[5] the charges against him were not dismissed and proceedings against him were not reinstituted after he was denied a timely preliminary hearing. Therefore, the proceedings following the tainted preliminary hearing were invalid. Because those proceedings were invalid, defendant was not brought to trial within the terms of the speedy trial statute; and he must be discharged unless he waived his statutory right.

Appellant did not forfeit that right. He made timely motions to dismiss pursuant to R. C. 2945.71 and 2945.73, and he did not waive his right by pleading at the indictment following the tainted hearing. (R. C. 2945.71 and 2945.73 and the case law cited in Justice Celebrezze's concurrence do not support his conclusions on waiver.)

Although I share the Court of Appeals' concern that valid convictions be preserved, I must conclude on the basis of the clearly expressed language of R. C. 2945.73(A) and (D) that appellant's conviction in the instant cause was invalid and that he should be discharged. I therefore dissent.

O'NEILL, C. J., and SWEENEY, J., concur in the foregoing dissenting opinion.

---

[4] A similar intention can be discerned in Crim. R. 5(B).
[5] See R. C. 2945.71(C)(2) and (D).