DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The State of Ohio appeals the decision of the Lorain County Court of Common Pleas, which granted defendant/appellee's motion to dismiss. We reverse.
 I.
Allan Norfus was arrested after he had allegedly assaulted his girlfriend Cheryl Adkisson on March 13, 1997. Adkisson pressed charges that same evening. According to the police report, when Adkisson went to see Norfus at his house that evening, he went into a jealous rage, and began to attack Adkisson. He held her down, sexually assaulted her, and held her against her will in his bedroom for one and a half hours. He repeatedly hit her with a telephone. The police examined Adkisson, and saw welts and bruises on her legs. The police asked Adkisson if she wanted to file an affidavit regarding the assault and domestic violence, and she agreed to do so. The police report also indicated that several charges, in addition to the domestic violence charge, could be lodged against Norfus. These included felonious sexual penetration, assault, and unlawful restraint. Norfus was detained and questioned and the investigating officer arrested him.
Norfus was charged in Lorain Municipal Court with domestic violence, a first degree misdemeanor in violation of R.C.2919.25(A).[1] On July 15, Norfus pled guilty to a reduced charge of disorderly conduct.
On August 5, 1997, Adkisson decided to press charges against Norfus for robbery in connection with the events of March 13. On March 18, 1998, the Lorain County Grand Jury returned an indictment against Norfus for both rape, in violation of R.C.2907.02(A)(2), and kidnapping, in violation of R.C. 2905.01(A)(4). Norfus filed a motion to dismiss these charges, on the basis that they were barred by res judicata pursuant to the resolution of the domestic violence charges arising out of the same course of conduct. After a hearing on the motion, the trial court granted the motion to dismiss. The trial court dismissed the case not on the issue of res judicata but because the municipal court had held no preliminary hearing on the felony charges, as required by Crim.R. 5(B)(1). The State of Ohio filed the instant appeal. Appellant asserts a single assignment of error.
II. ASSIGNMENT OF ERROR:
 A TRIAL COURT ERRS IN DISMISSING A FELONY CASE BASED UPON AN INDICTMENT EVEN IF THE DEFENDANT WAS NOT AFFORDED A PRELIMINARY HEARING IN THE TIME PERIOD SET FORTH IN [R.C.] 2945.71 AND OHIO CRIM.R. 5(B)(1).
The trial court below dismissed the felony charges against Norfus, on the basis that the municipal court had never held a preliminary hearing on the felony charges which were pending against Norfus, in violation of Crim.R. 5(B)(1). This rule requires the court to hold a preliminary hearing within fifteen days after a defendant is arrested for or charged with a felony, or within ten days if the defendant is incarcerated on the charge.
Although it is not clear that the entire record of the proceedings from the municipal court case is before us, there was sufficient testimony and evidence before the trial court to indicate that Norfus was never charged in that case with the felony counts suggested in the police report. At the hearing on the motion to dismiss, the prosecutor submitted a certified copy of the docket sheet in the case number 97CRB00912. The form notes an initial arraignment on March 14, 1997 and includes an area marked "CHARGES" followed by four lines, for up to four counts to be listed in the case. The instant form had only one charge listed, "Domestic Violence 2919.25A 1st M[.]" The prosecutor also testified that although the police report of March 13, 1997 listed four charges, three of which were felonies, the listed charges did not represent the actual charges filed. He testified that this list was more in the way of a recommendation to the prosecutor. Adkisson's complaint dated March 13, 1997 listed only the domestic violence charge.
However, even assuming that the felony charges were also before the municipal court, we find that the common pleas court's later dismissal of the felony charges was inappropriate. The Ohio Revised Code provides that "[a] person against whom a charge of felony is pending * * * shall be accorded a preliminary hearing within fifteen consecutive days after his arrest if the accused is not held in jail in lieu of bail on the pending charge." R.C.2945.71(C)(1). Furthermore, "[a] charge of felony shall be dismissed if the accused is not accorded a preliminary hearing within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(A). However, "[w]hen a charge of felony is dismissed pursuant to division (A) of this section, such dismissal has the same effect as a nolle prosequi." R.C.2945.73(D). "[A] valid indictment can be returned subsequent to either a nolle prosequi or a dismissal of prior felony charges for failure to provide a preliminary hearing within 15 days of the initial arrest." State v. Bonarrigo (1980), 62 Ohio St.2d 7, 12, citing State v. Pugh (1978), 53 Ohio St.2d 153, 159 (Brown, J., concurring).
Even if the municipal court denied Norfus a preliminary hearing on the felony charges, this was no bar to a subsequent indictment on the felony charges. The trial court erred in dismissing the subsequent indictment for lack of a preliminary hearing in the municipal court. We find appellant's assignment of error to be well-taken.
We reverse the judgment of the trial court, and remand this cause for further action consistent with this decision.
Judgment reversed and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
WILLIAM R. BAIRD FOR THE COURT SLABY, J.
BATCHELDER, J.
CONCUR
[1] The record before this Court includes at least some of the docket of the Lorain Municipal Court case 97CRB912, which terminated with the guilty plea. At the hearing on the motion to dismiss, the Lorain city prosecutor, Mark Provenza, testified that the domestic violence charge was the only charge prosecuted in that case. Other evidence presented at the hearing also indicated that this was the sole charge before the municipal court in that case. See discussion, infra.