[Cite as *State v. Davis*, 2020-Ohio-3617.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JAMES BRYON DAVIS | : | Case No. 2019 CA 0112 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Richland County
                                  Court of Common Pleas, Case No.
                                  2019CR0446R



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 July 2, 2020




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GARY BISHOP                               WILLIAM T. CRAMER
Prosecuting Attorney                      470 Olde Worthington Rd., Suite 200
Richland County, Ohio                     Westerville, Ohio 43082


By: JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park St.
Mansfield, Ohio 44902

*Baldwin, J.*

**{¶1}**   Appellant, James Byron Davis, appeals his conviction by the Richland County Court of Common Pleas for one count of Domestic Violence, a violation of R.C. 2919.25 and a fourth degree felony.  Davis contends the trial court erred when it denied his motion to dismiss the charges. He argues that the municipal court erred by failing to conduct a timely preliminary hearing and that the common pleas court's continuance of his trial violated R.C. 2945.71 and his right to a speedy trial. Appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

**{¶2}**   The facts leading to the charges against Davis are not pertinent to the resolution of the appeal and will not be discussed in this opinion.

**{¶3}**   On May 12, 2019 Davis was charged with a violation of R.C. 2919.25, domestic violence, a fourth degree felony due to a prior conviction. A preliminary hearing was scheduled for May 16, 2019.  On the date of the preliminary hearing, the appellee requested a continuance because a key witness, who had been properly subpoenaed, failed to appear.  The trial court continued the hearing, apparently with no objection from Davis.  The entry did not contain the reasons discussed at the hearing, but only indicated that the hearing would be held on May 30, 2019.

**{¶4}**   On May 28, 2019, Davis filed a petition for habeas corpus with this court contending that because the preliminary hearing was not held within ten days the complaint against him should be dismissed pursuant to the mandate of R.C. 2945.73(A). On May 29, 2019, we issued an order to the trial court finding that the writ ought to issue and that Davis was being unlawfully restrained of his liberty.  We ordered the trial court

to release Davis, or in the alternative, show cause on or before 12:00 p.m. on the 30th day of May, 2019, why he should not be released.

**{¶5}** On May 30, 2019, the Mansfield Municipal Court issued an order stating that "the State Presented(sic) adequate cause for the requested continuance, as a necessary witness was served her subpoena, but did not make herself present for the hearing. As the witnesses' testimony was essential to the case, cause was found, and a reasonable continuance granted." (Order Showing Cause, May 30, 2019, Mansfield Municipal Court Case No. 2019-CRA-2173).  This court then denied Davis's petition.

**{¶6}** Davis timely appealed to the Supreme Court of Ohio in Case No. 2019-0782.  The Supreme Court found that we correctly dismissed the petition "because the petition does not comply with the mandatory filing requirements of R.C. 2725.04 and because his claims are not cognizable in habeas corpus." *Davis v. Sheldon,* Slip Opinion No. 2020-Ohio-436, ¶7.  The Supreme Court stated:

> Even if Davis had satisfied the requirements of R.C. 2725.04, his claims would not be cognizable in habeas corpus, because he was indicted on June 24, 2019, on the same charge for which he has been held in jail since May 12, 2019. See *Gibson v. Wilson*, 5th Dist. Richland No. 08CA85, 2009-Ohio-829, ¶ 12 (habeas corpus will not lie for failure to hold a preliminary hearing once grand jury has returned an indictment); *Nash v. McFaul*, 8th Dist. Cuyahoga No. 81439, 2002-Ohio-3647, ¶ 2 (indictment renders any defects in a preliminary hearing moot).

*Id* at ¶9.

**{¶7}** While the petition for habeas corpus was pending, the municipal court conducted the preliminary hearing and bound Davis over to the common pleas court on May 30, 2019. Davis was indicted by the grand jury on June 24, 2019.  Davis entered a plea of not guilty on July 10, 2019 and a pre-trial was scheduled for July 22, 2019.  On July 22nd the trial court continued the trial to August 26, 2019 explaining the reason for the continuance:

> Due to the Court's crowded docket, it is not possible to set the trial in this matter within 270 days. The Court has multiple jury trials on every available trial date. The trials scheduled on those dates consist of cases in which the defendants have been incarcerated, arraigned prior to this matter and those which have been set multiple times.

> The earliest possible date available for trial is August 26, 2019 at 9:00 a.m. Time is tolled to that date.

Order of Trial, July 22, 2019.

**{¶8}** Davis filed a motion to dismiss for a speedy trial violation on August 23, 2019 arguing that the charges must be dismissed because the preliminary hearing was not timely and because the trial court's entry continuing the trial did not contain sufficient justification for the continuance.  Davis entered a no contest plea on the same date, the trial court accepted the plea and scheduled the motion to dismiss and sentencing for hearing on November 6, 2019.

**{¶9}** At the hearing on the motion to dismiss, the trial court repeated the rationale for continuing the trial that was contained in the entry, confirming that older criminal cases took precedence on the date set aside for criminal trials.  The court administrator testified

in support of the trial court's reasoning and the trial court denied the motion and sentenced Davis to three years of community control.

{¶10} Davis filed an appeal and submitted two assignments of error:

{¶11} "I. APPELLANT'S STATUTORY SPEEDY TRIAL RIGHTS WERE VIOLATED BECAUSE THE PRELIMINARY HEARING WAS CONTINUED BEYOND THE STATUTORY TIME LIMIT BY A SUA SPONTE ENTRY THAT PROVIDED NO REASONS FOR THE CONTINUANCE."

{¶12} "II. APPELLANT'S STATUTORY SPEEDY TRIAL RIGHTS WERE VIOLATED BY A SUA SPONTE CONTINUANCE THAT WAS UNREASONABLE BECAUSE THE TRIAL COURT FAILED TO PRIORITIZE CRIMINAL CASES IN SCHEDULING."

## STANDARD OF REVIEW

{¶13} Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Larkin,* 5th Dist. Richland No.2004–CA–103, 2005-Ohio-3122, 2005 WL 1463255, ¶11. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. *State v. Taylor*, 5th Dist. Richland No. 16 CA 17, 2016-Ohio-5912, 2016 WL 5118653, ¶ 43, citing *Larkin, supra.* With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. Id.

{¶14} When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against the state. *Brecksville v. Cook,* 75 Ohio St.3d

53, 57, 661 N.E.2d 706, 709 (1996); *State v. Colon,* 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, 2010 WL 2060900, ¶ 12.

## I.

**{¶15}** In his first assignment of error, Davis argues that the charges against him must be dismissed as he was not afforded a preliminary hearing within the statutorily allotted time and the trial court's extension of time for the hearing was ineffective because the entry failed to contain the rationale for the continuance of the hearing.

**{¶16}** After Davis's petition for habeas corpus was rejected by this court he was indicted and entered a not guilty plea. The indictment by the grand jury rendered any defects in the preliminary hearing moot. *State v. Washington*, 30 Ohio App.3d 98, 99, 506 N.E.2d 1203 (1986) and *Styer v. Bricta*, 69 Ohio App.3d 738, 591 N.E.2d 1255 (1990). Davis argues that the lack of a timely preliminary hearing should invalidate subsequent proceedings arising from the arrest and result in his discharge, but '[t]he effect of the State's failure to accord a preliminary hearing to a defendant within the statutorily prescribed time is a voluntary dismissal of that felony charge against the defendant. Accordingly, a defendant who was not accorded a timely preliminary hearing may be subsequently indicted for the same offense for which he was originally arrested." *State v. Aberle,* 5th Dist. Muskingum No. CA 91-33, 1992 WL 173387, *1 referencing *State v. Pugh*, 53 Ohio St.2d 153, 372 N.E. 2d 1351 (1978).

**{¶17}** *Pugh* is a per curiam opinion of the Supreme Court of Ohio with a very brief description of the facts and the decision of the Ninth District Court of Appeals: "On appeal, the Court of Appeals found that the charge against appellant should have been dismissed by the Municipal Court, but it declined to hold that the indictment against appellant should

also have been dismissed. The judgment of the trial court was affirmed." The entire opinion of the Supreme Court in *Pugh* contains two sentences: "The judgment of the Court of Appeals is affirmed. Judgment affirmed," *Pugh, supra* at 155, but the text of the appellate court opinion provides additional insight:

> Pugh is correct in asserting the charge should have been dismissed in the Akron Municipal Court (R.C. 2945.73(A)). However, he is incorrect in asserting that the indictment should also have been dismissed. The failure to accord a defendant a prompt preliminary hearing results only in a dismissal in the nature of a nolle prosequi (R.C. 2945.73(D)). It does not constitute "a bar to any further criminal proceedings against him based on the same conduct" such as a failure to grant a defendant a speedy trial after indictment (R.C. 2945.73(D)). Thus, Pugh was properly indicted and tried. The error below was not prejudicial and is, accordingly, rejected.

*State v. Pugh*, 9th Dist. Summit No. 8029, 1976 WL 188767, *1, aff'd, 53 Ohio St.2d 153, 372 N.E.2d 1351 (1978).

{¶18} The facts of this case are indistinguishable, as Davis was not provided a timely preliminary hearing, but was subsequently indicted and convicted. The outcome in this case should likewise be the same.

{¶19} Davis attempts to construe the *Pugh* opinion as applying only to direct indictments and not indictments that followed a bind over, relying upon the concurring opinions. The concurring opinions are not binding and represent the judgment of the individual justices, and this court is obligated to comply with the holding of the court, not the concurrences. *State of Ohio ex rel. Dave Yost, Ohio Attorney General v. Osborne*

*Co., Ltd., et al.,* 11th Dist. Lake No. 2019-L-003, 2020-Ohio-3090; *In re Gibson,* 157 B.R. 366, 372 (Bankr. S.D. Ohio 1993). We have no authority to reconstruct the holding of the Supreme Court as requested by Davis.

**{¶20}** Even if we were to consider Davis's argument that the *Pugh* opinion does not stand for the proposition that a subsequent indictment following a bind over order renders any error in the conduct of the preliminary hearing moot, Davis's argument must fail because it is based upon an inaccurate description of the concurring opinions. Davis contends that "[o]f the four Justices who voted to affirm, two of them (Justices Celebrezze and Locher) did so based solely on their conclusion that the defendant had waived the issue by pleading guilty to the indictment." (Appellant's Brief, p. 6).   The defendant in *Pugh* did not plead guilty to the indictment, but instead entered a plea of not guilty and was convicted by a jury. *State v. Pugh,* 9th Dist. Summit No. 8029, 1976 WL 188767, *1, aff'd, 53 Ohio St.2d 153, 372 N.E.2d 1351 (1978); *State v. Pugh*, 53 Ohio St.2d 153, 154, 372 N.E.2d 1351, 1352 (1978). And, Justice Celebrezze's concurrence concluded that Pugh had waived error by entering a plea:

> I believe that appellant's inconsistent conduct, viz., entering a plea to the indictment, constituted a waiver of compliance with the applicable time limitation. Cf. *Crider v. Maxwell* (1968), 174 Ohio St. 190, wherein it is stated at page 192, 187 N.E.2d 875, at page 876:
>
>> The petitioner urges that he was deprived of his constitutional rights by not having a preliminary hearing. It is his contention that failure to afford a preliminary hearing deprives an accused of being able to confront the state's

witnesses and lay evidence before the court as to the degree of accused's guilt and deprives him of other constitutional rights. Such is not the purpose of the preliminary hearing. *157 It is only to determine whether sufficient evidence exists to warrant binding an accused over to the grand jury to determine whether formal charges shall be placed against him. No rights or defenses are lost from a failure to have a preliminary hearing. In this respect, petitioner has been deprived of no constitutional right. Once an indictment has been returned, a plea to such indictment waives any right the accused has to a preliminary hearing. Annotation, 116 A.L.R. 550; 4 Wharton's Criminal Law and Procedure, 290, Section 1619. (Emphasis added.)

*Pugh, supra* at 156–157.

{¶21} The concurrences in *Pugh* are not helpful to Davis's cause because they stand for the proposition that Davis waived his objections by entering a plea to the indictment.

{¶22} Applying the *Pugh* decision to the facts of this case, we hold that Davis was properly indicted and tried, that the lack of a timely preliminary hearing was not prejudicial, and that he waived any potential error by entering a plea to the indictment.

{¶23} Appellant's first assignment of error is overruled.

## II.

{¶24} In his second assignment of error, Davis contends that his statutory speedy trial rights were violated by a sua sponte continuance that was unreasonable because the trial court failed to prioritize criminal cases in scheduling. Davis conceded during oral argument, and we agree, that the record in this case provides little support to his assignment of error and we find that the facts show that the trial court took the appropriate steps to continue the matter to a later date.

{¶25} The trial court sua sponte issued an entry continuing the trial on July 22, 2019 and there is no contention that the entry was untimely. Davis does contend that the trial court's entry provided insufficient information regarding the rationale for the continuance, comparing the entry to that in *State v. Terra*, 74 Ohio App.3d 189, 193, 598 N.E.2d 753, 755 (10th Dist.1991), where the Tenth District Court of Appeals found sua sponte entries continuing the criminal trial that provided as rational only that "Judge in Trial" and "Court in trial, no other courtrooms available" failed to satisfy the requirements of R.C. 2945.71 et seq.

{¶26} R.C. 2945.71(C)(2) requires that a person against whom a felony charge is pending be brought to trial within two hundred and seventy days after his arrest. For purposes of computing time, R.C. 2945.71(E) states that " * * * each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days, * * * " which means that an accused held in jail must therefore be tried within ninety days of his arrest date. *State v. Terra,* 74 Ohio App.3d 189, 193, 598 N.E.2d 753, 756 (10th Dist.1991). The time for trial may be extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted

other than upon the accused's own motion." R.C. 2945.72(H). The Supreme Court provided additional guidance for the analysis of sua sponte continuances in *State v. Lee* 48 Ohio St.2d 208, 209, 357 N.E.2d 1095 (1976):

> The record of the trial court must in some manner affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose. Mere entries by the trial court will ordinarily not suffice, except when the reasonableness of the continuance cannot be seriously questioned. Although this burden is contrary to the presumption of regularity generally accorded to trial proceedings, it appears necessary to carry out the purpose of the speedy-trial statutes.

**{¶27}** The court in *Terra* found that merely stating that "Judge in Trial" or "Court in trial, no other courtrooms available" fell short of fulfilling the requirements established by the Supreme Court of Ohio in *Lee.* Mentioning only that the judge was in trial does not indicate whether the judge was involved in a criminal or civil matter or whether the court was providing criminal cases the required precedence over civil matters. Further, the *Terra* court found the length of the continuance, thirty two calendar days, not facially reasonable under the circumstances.

**{¶28}** In the case before us, we find the entry sufficiently detailed and the length of the extension to be facially reasonable after reviewing the facts in the record. The speedy trial deadline was arguably August 12th and the trial was continued to August 26 but only after the trial court found that there were multiple criminal jury trials scheduled on the available dates comprised of cases in which defendants had been incarcerated, arraigned prior to Davis or set for trial on several occasions. These findings satisfy the

concerns of the Tenth District Court of Appeals and the Supreme Court of Ohio by showing that the trial court is preserving criminal cases' precedence and that it was the backlog of criminal trials that created the need for the continuance. We find that the continuance tolled the speedy trial time because it reflects that the continuance was reasonable in both purpose and length. *State v. Martin,* 56 Ohio St.2d 289, 293, 384 N.E.2d 239 (1978), quoting *State v. Lee*, 48 Ohio St.2d 208, 210, 357 N.E.2d 1095 (1976).

**{¶29}** Davis also suggests that the trial court's statement during the hearing that criminal trials were relegated to one day per week violated his right to a speedy trial, but cites no precedent to support his argument.  Further, the record supported the trial court's finding that the docket was crowded with criminal cases that would take priority over Davis's case and there is nothing within the record to suggest that eliminating the civil docket and adding a trial day to the criminal docket would have altered the necessity of the continuance.

**{¶30}** The appellant's second assignment of error is overruled.

{¶31} The decision of the Richland County Court of Common Pleas is affirmed.


By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.