[Cite as *State v. Lichtenwalter*, 2021-Ohio-1394.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case Nos. 20CA000013 |
| | : | 20CA000023 |
| DEREK LICHTENWALTER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Guernsey County Court
                            of Common Pleas, Case No.
                            19CR000094

JUDGMENT:                   AFFIRMED

DATE OF JUDGMENT ENTRY:     April 20, 2021

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

LINDSEY ANGLER                          DEREK LICHTENWALTER, PRO SE
GUERNSEY COUNTY PROSECUTOR              BECC
627 Wheeling Ave.                       P.O. Box 540
Cambridge, OH 43725                     St. Clairsville, OH 43950

*Delaney, J.*

{¶1} Defendant-Appellant Derek Lichtenwalter appeals the June 17, 2020 and November 23, 2020 judgment entries of the Guernsey County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

**Arrest and Pretrial Proceedings**

{¶2} On March 5, 2019, Defendant-Appellant Derek Lichtenwalter led the Ohio State Highway Patrol, Guernsey County Sheriff's Office, and the Cambridge Police Department on a high-speed chase. The chase started on U.S. 40 near Byesville Road in Guernsey County, Ohio, continued onto Interstate 77 South, and then Interstate 70 West. Lichtenwalter exited onto State Route 209 traveling south. In the pursuit, Lichtenwalter struck Trooper Tysinger's OSHP cruiser and spun out on all five lanes of State Route 209. After his vehicle came to a rest, Lichtenwalter fled on foot. Lichtenwalter was taken into custody on March 5, 2019.

{¶3} The Ohio State Highway Patrol filed a complaint against Lichtenwalter, alleging he was in violation of R.C. 2921.331, failure to comply with an order or signal of an officer, and R.C. 2903.08(A)(2)(b), vehicular assault. Lichtenwalter was arrested on the charges on March 7, 2019. A bond hearing was held on March 7, 2019 and Lichtenwalter requested a preliminary hearing, which was set for March 13, 2019.

{¶4} The Cambridge Municipal Court appointed counsel for Lichtenwalter on March 11, 2019. Trial counsel requested a continuance of the preliminary hearing, which was rescheduled for March 19, 2019. At the preliminary hearing, the court found there

was probable cause and bound the case over to the Guernsey County Court of Common Pleas.

{¶5} The State moved the trial court to modify Lichtenwalter's bond to a personal recognizance bond, so that Lichtenwalter could be released from jail due to his health and safety. The trial court held a hearing on April 30, 2019, where it released Lichtenwalter on his own personal recognizance. He was found indigent and appointed counsel.

{¶6} On May 10, 2019, the Guernsey County Grand Jury indicted Lichtenwalter on one count of failure to comply with an order or signal of a police officer, a third-degree felony in violation of R.C. 2921.331(B); one count of vehicular assault, a third-degree felony in violation of R.C. 2903.08(C)(2); and one count of breaking and entering, a fifth-degree felony in violation of R.C. 2911.13(A).

{¶7} Lichtenwalter was to be arraigned on May 23, 2019, but it was determined that he was incarcerated in the Tuscarawas County Jail. The trial court ordered a warrant issued for his removal so an arraignment could be held on June 6, 2019.

{¶8} Lichtenwalter was arraigned on June 6, 2019. He entered a plea of not guilty to the charges. The trial court found Lichtenwalter indigent and appointed him trial counsel. His appearance at the initial status conference was waived because at that time, Lichtenwalter would be incarcerated in the Stark County Jail.

{¶9} On June 6, 2019, counsel for Lichtenwalter filed a demand for discovery, a request to preserve the evidence, and a motion for bill of particulars.

{¶10} A final status pretrial was to be held on September 3, 2019. Lichtenwalter did not appear at the pretrial. The trial court granted Lichtenwalter 48 hours from the date

of the hearing within which to appear and show cause for his failure to appear. By judgment entry on September 5, 2019, the trial court stated Lichtenwalter failed to appear within the 48-hour timeframe, therefore his personal recognizance bond was revoked and a capias was issued for his arrest. The jury trial scheduled for September 24, 2019 was continued.

{¶11} On November 5, 2019, Lichtenwalter filed a Pro Se Notice of Availability and Request for Transport Order and Court Date. Lichtenwalter was incarcerated in the Tuscarawas County Jail. The trial court ordered that he be transported to Guernsey County on December 2, 2019 for a bond and pretrial hearing.

**Guilty Plea**

{¶12} On December 3, 2019, Lichtenwalter withdrew his not guilty plea and entered a plea of guilty to one count of failure to comply with the order or signal of a police officer, a third-degree felony in violation of R.C. 2921.331(B). In the plea agreement, the parties stipulated to a negotiated, recommended sentence of 30 months. The trial court signed the guilty plea stating it had reviewed the negotiated plea agreement and pursuant to Crim.R. 11, had inquired of the defendant on the record to conclude the plea should be accepted as a free and voluntary change of plea.

{¶13} The sentencing entry was filed on December 3, 2019, where the trial court accepted Lichtenwalter's guilty plea and sentenced him to 30 months in prison. He was incarcerated with the Belmont Correctional Institution on December 20, 2019.

**COVID-19 Pandemic**

{¶14} On April 8, 2020, Lichtenwalter, through counsel, filed an Emergency Motion to Withdraw Guilty Plea. Lichtenwalter stated in his motion that he was diagnosed

with HIV, which could heighten his risk of death if he contracted COVID-19. He argued the risk of contracting COVID-19 was high while in prison. Although he was eligible for judicial release in June 2020, he could not wait until that time to file the motion due to the imminent risk from COVID-19. Pursuant to Crim.R. 32.1, he moved to withdraw his guilty plea upon the condition that if the motion was granted, he would plead guilty again to Failure to Comply with the understanding that the trial court would either (1) sentence him to time served; or (2) impose the same 30-month sentence but release him from prison during the pendency of the COVID crisis and require him to complete the remainder of the sentence once the danger abates. (April 7, 2020, Motion).

{¶15} The State filed a response on April 16, 2020. It argued that Lichtenwalter made the motion in bad faith to avoid prison because his healthcare needs due to his diagnosis were better managed while in prison. The State of Ohio examined the rolls of inmates in Ohio prisons that were eligible for release, considering the COVID-19 pandemic, and Lichtenwalter was not considered for release.

{¶16} On April 21, 2020, the trial court issued its judgment entry denying Lichtenwalter's motion to withdraw his guilty plea. The trial court reviewed Lichtenwalter's increased risk for COVID-19 based on his pre-existing health condition, in addition to Lichtenwalter's extensive criminal history and the facts of the case. Based on its review, the trial court found that Lichtenwalter failed to establish a manifest injustice as required by Crim.R. 32.1.

{¶17} On May 8, 2019, Lichtenwalter filed a pro se Motion to Dismiss. He stated the trial court did not have proper jurisdiction pursuant to R.C. 2945.71 and 2945.73(B). He argued the Cambridge Municipal Court failed to hold his preliminary hearing within 10

days after his arrest and his right to a speedy trial was violated. The State responded to the motion.

{¶18} On June 17, 2019, the trial court denied the Motion to Dismiss. The trial court found that Lichtenwalter did not waive the preliminary hearing, but the municipal court record established the time for the preliminary hearing was extended for good cause because of counsel's motion for continuance.

## Appeal in Case No. 20CA000013

{¶19} Lichtenwalter filed a pro se Motion for Delayed Appeal with this Court on July 8, 2020. After a series of motions and judgment entries, it was determined that in Case No. 20CA000013, Lichtenwalter was filing an appeal of the June 17, 2019 judgment entry from the Guernsey County Court of Common Pleas.

## Further Trial Court Proceedings

{¶20} On October 26, 2020, Lichtenwalter filed a "Writ of Coram Nobis/Vobis &/or Motion to Vacate Judgment, 2953.21 &/or Motion for Relief from Judgment Ohio R. Civ. P. 60(B) &/or, Motion for Judicial Release §2929.20" with the trial court. The State filed a response on October 29, 2020.

{¶21} The trial court denied the motion on November 23, 2020. It found that in his motion, Lichtenwalter argued there was a violation of his speedy time for trial. The trial court found no basis for Lichtenwalter's argument after considering each method Lichtenwalter used to challenge his conviction and sentence.

## Appeal in Case No. 20CA000023

{¶22} Lichtenwalter filed a notice of appeal of the November 23, 2020 judgment entry with this Court in Case No. 20CA000023.

{¶23} We now consider Lichtenwalter's appeal of the June 17, 2019 and November 23, 2020 judgment entries of the Guernsey County Court of Common Pleas.

**ASSIGNMENTS OF ERROR**

{¶24} Lichtenwalter raises one Assignment of Error in Case No. 20CA000013:

{¶25} "WAS THE COURT IN ERROR FOR NOT ENSURING MY SPEEDY TRIAL RIGHTS WERE NOT VIOLATED, DID THE COURT ERROR [SIC] IN VIOLATING MY CONSTITUTIONAL RIGHTS, WAS MY COUNSEL INEFFECTIVE, AND DID THE COURT ERROR [SIC] IN NOT GRANTING 2945.73(B)."

{¶26} Lichtenwalter raises four Assignments of Error in Case No. 20CA000023:

{¶27} "I. THE TRIAL COURT ERRED BY NOT FOLLOWING THE MANDATES OF 2953.21-.23, BY SUMMARILY DISMISSING THE PETITION WITHOUT AN EVIDENTIARY HEARING AND NOT REVIEWING, THE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL, AS THE ALLEGED FACTS IF TRUE WOULD MAKE THE SENTENCE, VOID AND VOIDABLE UNDER THE CLAIMED VIOLATIONS OF THE U.S.C. 6TH, 8TH, AND 14TH, AMENDMENTS, AND OHIO CONST. ART. I. §5, §6, §9, §10, § 16, AND O.R.C. 2945.71-.73, BY NOT REFERENCING WHERE IN THE RECORD THE CLAIMS HAVE BEEN LITIGATED, AND BY NOT ISSUING FINDINGS OF FACTS AND CONCLUSIONS OF LAW WHEREIN THOSE FACTS AND CONCLUSIONS ARE SUPPORTED BY THE RECORD, THE SUMMARILY DISMISSAL IS CONTRARY TO LAW.

{¶28} "II. THE TRIAL COURT ERRED BY NOT TAKING JUDICIAL NOTICE AS REQUESTED BY THE APPELLANT, REQUEST TO TAKE JUDICIAL NOTICE, AS REQUESTS TO TAKE JUDICIAL NOTICE ARE GOVERNED BY EVID. R. 201, (D)

WHEN MANDATORY. A COURT SHALL TAKE JUDICIAL NOTICE IF REQUESTED BY A PARTY AND SUPPLIED WITH THE NECESSARY INFORMATION.

{¶29} "III. THE TRIAL COURT ERRED BY NOT HOLDING AN EVIDENTIARY HEARING ON THE SUBSTANTIALLY SUPPORTED CONSTITUTIONAL VIOLATIONS, AND VIOLATIONS OF THE ADA/RA ACTS, AND CRUEL AND UNUSUAL PUNISHMENT, AND EQUAL PROTECTION AND DUE PROCESS VIOLATIONS, OF U.S.C. 8 AND 14, AND OHIO CONST. ART. I. §5, §6, §9, §10, § 16 THAT IS BEING IMPOSED UNDER THE ORDER OF THE COURT.

{¶30} "IV. THE TRIAL COURT ERRED BY NOT HOLDING A JUDICIAL RELEASE HEARING, AND CONSIDERING THE EXTRAORDINARY AND COMPELLING REASONS TO CONSIDER JUDICIAL RELEASE, THE OHIO SUPREME COURT DETERMINED SPECIFICALLY IN RELATION TO THE APPELLANT THE FOLLOWING IN LICHTENWALTER V. DEWINE 2020-OHIO-1465 [**P3] 'I HOPE THAT PETITIONER AND OTHERS IN OHIO DO NOT SEE TODAY'S DECISION AS THE JUDICIARY'S THROWING UP ITS HANDS AND CLAIMING THAT THERE IS NOTHING THAT IT CAN DO …OHIO'S TRIAL COURTS HAVE THE POWER TO LIBERALLY AND EXPEDITIOUSLY GRANT APPROPRIATE REQUESTS FOR JUDICIAL RELEASE."

## ANALYSIS

### I. Speedy Trial

{¶31} In both appeals, Lichtenwalter contends the delays in his preliminary hearing and bringing him to trial violated his statutory and constitutional rights to a speedy trial. We disagree.

{¶32} We first find that Lichtenwalter's speedy trial claim as to the delay in his preliminary hearing is without merit. In *State v. Davis*, 5th Dist. Richland No. 2019 CA 0112, 2020-Ohio-3617, this Court addressed the issue where an appellant claimed his speedy trial rights were violated because the preliminary hearing was continued beyond the statutory limit. We held that even though the appellant was not provided a timely preliminary hearing, he was subsequently indicted by a grand jury following a bind over and convicted. The indictment by the grand jury rendered any defects in the preliminary hearing moot. *State v. Davis*, 5th Dist. Richland No. 2019 CA 0112, 2020-Ohio-3617, 2020 WL 3639556, ¶ 16 citing *State v. Washington*, 30 Ohio App.3d 98, 99, 506 N.E.2d 1203 (8th Dist.1986) and *Styer v. Bricta*, 69 Ohio App.3d 738, 591 N.E.2d 1255 (6th Dist.1990).

{¶33} Applying *State v. Davis* to the facts of this case, we hold that Lichtenwalter was properly indicted and convicted; therefore, an alleged lack of a timely preliminary hearing was not prejudicial. Also, he waived any potential error by entering a plea to the indictment. *State v. Davis*, 5th Dist. Richland No. 2019 CA 0112, 2020-Ohio-3617, 2020 WL 3639556, ¶ 22.

{¶34} We next find that Lichtenwalter's claim of a speedy trial violation was waived when he withdrew his not guilty plea and entered a plea of guilty to one count of failure to comply with the order or signal of a police officer, a third-degree felony in violation of R.C. 2921.331(B).

{¶35} The right to a speedy trial is encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth

Amendment. *State v. Ladd,* 56 Ohio St.2d 197, 383 N.E.2d 579 (1978); *State v. Pachay,* 64 Ohio St.2d 218, 416 N.E.2d 589 (1980). Ohio's speedy trial statutes codifies the constitutional guarantee of a speedy trial. *State v. Hertel*, 5th Dist. Delaware No. 14 CAA 04 0019, 2015-Ohio-1168, 2015 WL 1403147, ¶ 15; *See State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989); *State v. Brewster*, 1st Dist. Hamilton Nos. C-030024 and C-030025, 2004-Ohio-2993, 2004 WL 1284008, ¶ 3. The Ohio Supreme Court has also specifically stated that the statutory speedy trial provisions set forth in R.C. 2945.71 et seq. are "coextensive with the constitutional speedy trial provisions." *State v. King*, 70 Ohio St.3d 158, 160, 637 N.E.2d 903 (1994), citing *State v. O'Brien*, 34 Ohio St.3d 7, 516 N.E.2d 218 (1987). "The general view is that where an accused enters a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal." *Id.* quoting *Village of Montpelier v. Greeno*, 25 Ohio St.3d 170, 495 N.E.2d 581 (1986), citing *Annotation* (1958), 57 A.L.R.2d 302, 343; *State v. Watson*, 1st Dist. No. C-170598, 2018-Ohio-4971, 126 N.E.3d 289, 2018 WL 6528663, ¶ 7.

{¶36} Because Lichtenwalter was indicted, entered a guilty plea to the charge in the indictment, and convicted, the issues raised in his Assignments of Errors regarding speedy trial were rendered moot or have been waived.

## II. Ineffective Assistance of Counsel

{¶37} Lichtenwalter next argues he had ineffective assistance of counsel regarding the speedy trial issues. A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, to prevail on a claim of ineffective assistance of counsel, Lichtenwalter must show counsel's performance fell below an objective standard of reasonable representation and but for

counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Lichtenwalter must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

{¶38} Lichtenwalter argues that he did not agree to a continuance of the preliminary hearing. He also states he wrote to his counsel to file a motion to dismiss because he never waived his right to a speedy trial. In this case, we find Lichtenwalter failed to establish the performance of his trial counsel fell below an objective standard of reasonable representation and was prejudiced by said alleged failures.

{¶39} The trial court appointed Lichtenwalter trial counsel on March 11, 2019 and the preliminary hearing had been scheduled for March 13, 2019. Due to a conflict, trial counsel requested a continuance, which the trial court granted. The preliminary hearing was held on March 19, 2019. Upon review of the circumstances, the trial court found the preliminary hearing was continued for good cause shown. Based on our analysis above, even if the preliminary hearing was not timely held, the issue was not prejudicial to Lichtenwalter when he was then indicted by a grand jury, entered a plea of guilty, and was convicted.

### III. Petition for Post-Conviction Relief

{¶40} In his October 26, 2020 motion to the trial court, Lichtenwalter requested relief pursuant to a "Writ of Coram Nobis/Vobis &/or Motion to Vacate Judgment, 2953.21 &/or Motion for Relief from Judgment Ohio R. Civ. P. 60(B) &/or, Motion for Judicial

Release §2929.20." The trial court considered Lichtenwalter's motion to be a petition for post-conviction relief, in part.

{¶41} "Coram vobis" or "coram nobis" is a "writ of error directed to a court for review of its own judgment and predicated upon alleged errors of fact." *See* Black's Law Dictionary (8th Ed.2004). In Ohio, the remedy of coram nobis had been superseded by alternative remedies, such as Civ.R. 60(B) (motion for relief from judgment), Crim.R. 33 (motion for a new trial), or R.C. 2953.21 (post-conviction relief). *See Rowland v. Finkel*, 33 Ohio App.3d 77 (9th Dist.1987); *Bocook v. Court of Common Pleas*, 5th Dist. Coshocton No. CA 85-6, 1985 WL 7311, 1 (Oct. 30, 1985). Thus, common-law writs of coram nobis are not part of the law of Ohio. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967) (writs of coram nobis or coram vobis are "no part of the law of Ohio"); *see, also, State v. Lee,* 7th Dist. Belmont No. 95-B.A.-58, 1997 WL 344829, *3-4, (June 19, 1997); *Bocook, supra.*

{¶42} In his appeal, Lichtenwalter argues the trial court erred when it denied his petition for post-conviction relief without a hearing. The Ohio Supreme Court has recognized "[i]n post-conviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77. Under R.C. 2953.21, a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). R.C. 2953.21 governs petitions for post-conviction relief. Subsection (D) states the following in pertinent part:

> Before granting a hearing on a petition filed under division (A) of this section,
>
> the court shall determine whether there are substantive grounds for relief.

> In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

In *State v. Jackson*, 64 Ohio St.2d 107, 111, 413 N.E.2d 819 (1980), the Supreme Court of Ohio held the following:

> Before a hearing is granted, the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness.
>
> Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. *See Rivera v. United States* (C.A. 9, 1963), 318 F.2d 606.

{¶43} It is up to the trial court to judge the credibility of any affidavits presented. *State v. Calhoun*, 86 Ohio St.3d 279, 284, 714 N.E.2d 905 (1999). In assessing the credibility of an affidavit, a trial court should consider relevant factors including "whether the judge reviewing the postconviction relief petition also presided at the trial." *Id.* at 285, citing *State v. Moore*, 99 Ohio App.3d 748, 651 N.E.2d 1319 (1st Dist.1994).

{¶44} The Ohio Supreme Court has held that the proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing include: (1) the failure of the petitioner to set forth specific operative facts to establish substantive grounds for relief, and (2) the operation of res judicata to bar the constitutional claims raised in the petition. *Gondor, supra*.; *State v. Lentz*, 70 Ohio St.3d 527, 639 N.E.2d 784 (1994).

{¶45} A trial court's decision to deny a petition for post-conviction relief without holding an evidentiary hearing is left to the sound discretion of the trial court. *State v. McKelton*, 12th Dist. Butler No. CA2015-02-028, 2015-Ohio-4228. To find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶46} In his petition for post-conviction relief, Lichtenwalter argued his statutory and constitutional rights to a speedy trial were violated. He further argued he was denied the effective assistance of counsel. We find that the trial court previously examined Lichtenwalter's arguments as to speedy trial in Lichtenwalter's Motion to Dismiss. Based on the trial court's ruling and our affirmance above, we find the trial court had a proper basis for dismissing the petition for post-conviction relief because Lichtenwalter failed to set forth specific operative facts to establish substantive grounds for relief.

### IV. Judicial Release

{¶47} In his October 26, 2020 motion, Lichtenwalter also requested judicial release. The trial court denied the motion.

{¶48} Lichtenwalter has pursued his release from prison during the COVID-19 pandemic through many routes, including a habeas corpus and mandamus action before

the Ohio Supreme Court. In *State ex rel. Lichtenwalter v. DeWine*, 158 Ohio St.3d 1476, 2020-Ohio-1465, 143 N.E.3d 507, Lichtenwalter filed an action against the governor and DRC seeking a writ of habeas corpus or mandamus temporarily releasing him from confinement during the COVID-19 pandemic. Lichtenwalter claimed he was an immunocompromised individual who was at great risk of serious harm or death if he contracted COVID-19 while confined to prison. The Supreme Court granted respondents' motion to dismiss Lichtenwalter's petition, without opinion, for failure to state a claim. In his concurring opinion, Justice Donnelly explained that "[b]ecause Lichtenwalter does not seek immediate release from state custody but instead seeks a temporary reprieve from the environment of prison, habeas corpus is not the appropriate remedy." *Id.* at ¶ 2.

{¶49} Justice Donnelly also acknowledged that judicial authority of inmates in the custody and control of DRC is extremely limited:

And although the executive branch does have power to grant clemency and to liberally execute remedial statutes, such as R.C. 2967.18 (reduction of prison populations in the face of overcrowding emergencies) and 2967.05 (conditional release of prisoners who are severely ill or at risk of imminent death), this court does not have the authority to control the executive branch's discretion to exercise these powers through mandamus. *See State ex rel. Sheppard v. Koblentz*, 174 Ohio St. 120, 122-123, 187 N.E.2d 40 (1962) (mandamus will not issue to control discretionary decisions).

I hope that petitioner and others in Ohio do not see today's decision as the judiciary's throwing up its hands and claiming that there is nothing that it can do. * * * Ohio's trial courts have the power to liberally and expeditiously grant

*appropriate* requests for judicial release. And with the stroke of a pen, the General Assembly could remove various arbitrary statutory restrictions on judicial release that currently fetter the judiciary's discretion.

(Emphasis added.) *Id.* at ¶ 2-3.

{¶50} The concurring opinion in *Lichtenwalter* recognized the authority of the judicial branch to release inmates who may be at greater risk for contracting COVID-19 is constrained by statutory restrictions on judicial release. Justice Donnelly acknowledged the executive branch of state government has "broad authority to take an assortment of steps to prevent such a catastrophe," and the General Assembly, not the courts, has the power to remove statutory restrictions on judicial release. *Id.* at ¶ 3.

{¶51} Understanding that the trial court is statutorily constrained in granting judicial release, this Court is likewise restrained from reviewing the denial of the request for judicial release. It is well-settled that a denial of a motion for judicial release is not a final, appealable order. *State v. Mayle*, 5th Dist. Morgan Nos. 07-CA-0006, 07-CA-0007, 2008-Ohio-3761, ¶ 13. This Court is without jurisdiction to consider Lichtenwalter's argument that the trial court erred when it denied his motion for judicial release.

## CONCLUSION

{¶52} We overrule Lichtenwalter's Assignments of Error and affirm the judgments of the Guernsey County Court of Common Pleas.

By: Delaney, J., Gwin,

P.J. and Hoffman, J.,

concur.